JEREMIAH W. BALIK
1223 Wilshire Blvd., #777
Santa Monica, CA 90403
(424) 280-2981 Fax:(805)642-7177
shteren.entertainment@gmail.com
https://twitter.com/AppDrivenToys
In Pro Per



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**CV 16 4070**

| | |
|---|---|
| JEREMIAH W. BALIK, | ) CASE NO.: 16-CV- |
| Plaintiff, | ) CIVIL RIGHTS COMPLAINT UNDER 42 |
| vs. | ) U.S. CODE § 1983 & 1985 - CIVIL |
| CITY OF CEDAR FALLS, CITY OF SAN | ) ACTION FOR DEPRIVATION OF RIGHTS & |
| JOSE, LOS ANGELES COUNTY SHERIFF'S | ) 18 U.S. CODE § 1512 |
| DEPT, SANTA BARBARA COUNTY | ) DATE: |
| SHERIFF'S DEPT, CITY OF VENTURA, | ) TIME: |
| CITY OF SANTA CLARA, SAN DIEGO | ) DEPT: |
| SHERIFF, NEXT GENERATION WIRELESS | ) |
| Defendants. | |

{*WILL TAKE THIS MATTER ALL THE WAY TO THE SUPREME COURT TO PREVAIL*}

### JURISDICTION

This court has jurisdiction under section 1983 pursuant to
two statutory provisions: 28 U.S.C.A. § 1343 and 28 U.S.C.A § 1331.
Federal Question Jurisdiction arises pursuant to 42 U.S. Code § 1983
,4th & 14th Amendments, 18 U.S. Code § 1512 - Obstruction of Justice,
28 U.S. Code § 1332; Diversity Jurisdiction. The district courts
shall have original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states. Plaintiff believes he cannot get a fair trial in Iowa or Los Angeles [Central District of California] per CCP § 397; When there is reason to believe that an impartial trial cannot be heard.

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(R.S. §1979; Pub. L. 96-170, §1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104-317, title III, §309(c), Oct. 19, 1996, 110 Stat. 3853.)

**VENUE**

1. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant lives in this district. Plaintiff is litigating case #15cv-04556-JST in Northern District, San Francisco Division.

## PARTIES

3. Plaintiff, Jeremiah W. Balik, mailing address at 1223 Wilshire Blvd, #777, Santa Monica, CA 90403 (650) 248-5832 Resides in Santa Barbara, CA. Plaintiff formerly at 1220 Rosecrans, #423, San Diego 92106

4.    Defendants, CITY OF CEDAR FALLS, IOWA,  220 Clay Street, Cedar Falls, Iowa 50613 (319) 273-8600, CITY OF SAN JOSE, CALIFORNIA, 200 E. Santa Clara St, San Jose, CA 95113, (408)535-3500, CITY OF VENTURA,CALIFORNIA 501 Poli Street, Ventura, CA 93001 (805)654-7800, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, Hall of Justice, 211 West Temple Street, Los Angeles, CA 90012 (213)229-1700, SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT, 4434 Calle Real, Santa Barbara, CA 93110 (805) 681-4100  CITY OF SANTA CLARA, CA City of Santa Clara, 1500 Warburton Avenue, Santa Clara, CA 9505, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, John F. Duffy Administrative Center, 9621 Ridgehaven Ct., San Diego, CA 92123 (858) 974-2222

NEXT GENERATION WIRELESS, 1513 Flammang Dr Waterloo, IA 50702-4371, 319-226-3500

## CAUSE OF ACTION

**42 USCS § 1983** In order to state claim for deprivation of rights under 42 USCS § 1983, plaintiff must show that (1) conduct complained of was committed by Defendants acting under color of law; (2) defendants' conduct in fact deprived them of rights, privileges or immunities secured by Constitution or laws of United States; (3) defendants' conduct caused deprivation of federal constitutional rights; and (4) defendants' conduct must have been intentional, grossly negligent, or must have amounted to reckless or callous indifference to constitutional rights of others. Neris v Vivoni (2003, DC Puerto Rico) 249 F Supp 2d 146.

"First Cause of Action" for "Civil Rights Violations" and a "Second Cause of Action" for "intentional infliction of emotional distress." unlawful arrest, conspiracy, and intentional infliction of emotional distress.

(1) unlawful search, in violation of the <u>fourth amendment</u>;

(2) unlawful seizure, in violation of the <u>fourth amendment</u>;

[445]  (3) arbitrary arrest and incarceration, in violation of the <u>fifth</u> and <u>fourteenth amendments</u>;

(4) excessive force in effecting arrest, in violation of the <u>fifth amendment</u>;

(5) denial of due process, in violation of the <u>fifth</u> and <u>fourteenth amendments</u>; and

(6) civil conspiracy, in violation of <u>Section 1985</u>.

A state is not a "person" under section 1983, but a city is a person under the law(*Will v. Michigan Department of State Police*, 491 U.S. 5 8, 109 S. Ct. 2304, 105 L.Ed. 2d 45 [1989]).

The elements of a Section 1983 case are "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person"/5/ acting "under color" of state law. The "laws" referred to include those statutes that confer individual rights on a class of persons that include the plaintiff.

**5.1.A.2.a. Under Color of State Law**

State and local officials can interfere with federal rights in two distinct ways. By enforcing state laws or policies that conflict with federal law, state and local officials deprive their victims of federal rights. In such a case, the public officials obviously act under "color of state law."/92/ State and local officials can also interfere with federally-protected rights by misusing power entrusted to them under state law. In such a case, the official acts under color of state law only at those times he or she is "clothed with the authority of state law."

6. Cause of Action 1. Discrimination - Unruh Civil Rights Act (Civ. Code, §§ 51, 52) - Essential Factual Elements -- **Racial**

discrimination claim under § 703(a)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e-2(a)(1).

*Plaintiff* claims that *Defendant* denied him full and equal accommodations/privileges/services because of his race/color.

1. *Defendant* denied/aided or incited a denial of/discriminated or made a distinction that denied full and equal [accommodations//privileges/ services to *plaintiff*;

2.A motivating reason for *defendants* conduct was its perception of *Plaintiff'*'s race/color/

That the race/color/religion/ancestry/national origin/of a person whom *plaintiff*] was associated with was a motivating reason for *defendant*]'s conduct;]

3. *Plaintiff* was harmed; and

4. That D*efendant*s conduct was a substantial factor in causing *Plaintiff*'s harm.

5. §17200 Unfair Business Act or Practice & Breach of Implied Covenant of Faith & Fair Dealing


Case and law enforcement involvement ultimately implicate Mayor Rahm Emanuel/Chicago and US Congressman Fred Upton/ECC Chair – Michigan, 6th District. Ultimately over super model Samantha M. Hoopes. "Unlawful Patrolling" is a derivative of "profiling".


## FED RC 8 CLAIM

7. Per Rule 8. General Rules of Pleading, Plaintiff's Civil Rights were deprived by Defendants; Defendants subjected the plaintiff to conduct that occurred under color of state

law,

and this conduct deprived the plaintiff of rights, privileges, and im

munities guaranteed under federal law or the U.S. Constitution

Plaintiff's deprivation of Due Process and applicable State/Federal

laws/statues caused very serious harm. The Defendants conduct was a

substantial factor in causing Plaintiff's harm. Plaintiff is entitled

to relief as a result of Defendant's serious misconduct. Plaintiff is

seeking $10,723,000.00 [million dollars] and any other awards/damages

the court sees fit.


## STATEMENT OF FACTS/COUNTS

8. Plaintiff is bringing a civil rights complaint against CITY OF

CEDAR FALLS, CITY OF SAN JOSE, LOS ANGELES COUNTY SHERIFF'S DEPT,

CITY OF VENTURA, CITY OF SANTA CLARA, and NEXT GENERATION WIRELESS.

9. **City of Cedar Falls – Cedar Falls, IA Police Dept., Incident# 14-37725 and Cedar Rapids, IA PD**

Plaintiff applied for a technical sales position with Next Generation

Wireless in Cedar Falls, IA. Next Generation wireless is an

authorized US Cellular agent.[Note: Next Generation Wireless may have

or does handle accounts for the City of Cedar Falls and Cedar Falls

Police Dept]  See **Case instant case No.: 16-CV-1106 WQH-BGS, Southern**

**District of California** Information incorporated herein. Plaintiff

dealt primarily with sales director Nicole Knebel. Plaintiff sent

Nicole appropriate emails, reached out via phone calls [ordinary, reasonable amount] and sent some post cards. Plaintiff also stopped by the Next Generation Wireless's office in Cedar Falls, IA once. Plaintiff did nothing out of the ordinary with job pursuit with Next Generation Wireless. Plaintiff was arrested by Cedar Rapids, Iowa Police on behalf of Cedar Falls Police Dept., on or about 8:00 PM, April 28th, 2014 Plaintiff spent the night in jail in Cedar Rapids, IA and most of the day. Plaintiff was then transferred to Cedar Falls, IA jail around 6:00 PM on April 29th, 2014 and spent another night in jail. Throughout the process; charges were not properly explained. Plaintiff had an arraignment the following day, on April 30th, 2014 in the morning for 3rd degree Harassment pursuant to Iowa Code § 708.7 – a simple misdemeanor. Plaintiff was released after hearing. Documents attached hereto as

Plaintiff's was unlawfully searched, unlawfully arrested, unlawfully detained and deprived due process rights per the 14th Amendment no state can "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Plaintiff's 4th Amendment's were also deprived The Fourth Amendment of the U.S. Constitution provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing

the place to be searched, and the persons or things to be seized."
Plaintiff was never shown a proper warrant; nor did Cedar Rapids,
Iowa Police officers fully explain charges. This incident is a true
travesty of justice – all of this over the pursuit of a job.

10.  **City of San Jose – San Jose PD, Internal Affairs Investigation**
**#I2016-0098**

City of San Jose Police Dept., has engaged in repeated patterns of
unlawful patrolling over a 12 month period. Police Unlawful
patrolling consists of getting the location [e.g. vehicle] of
someone's whereabouts via Location Base Services or LBS, GPS and or
installed tracking device. [Scorpion technology per FBI,
triangulation via wireless cell phone provider]; then patrolling
around vehicle with a "show of presence". Tactic is meant to be used
as a deterrent [E.g. NYPD patrolling around suspected terrorist to
act as a deterrent. Or NYPD beefing up police presence, to act as a
deterrent] The patrolling is unlawful, because there is no sufficient
probable cause to do. Plaintiff alleges, unlawful patrolling was done
as a favor to conspirators Mayor Rahm Emanuel and US Congressman Fred
Upton Et al to be a deterrent to stop pursuing then girlfriend, super
model Samantha Hoopes. See **Balik vs Half Moon Hotel, #15cv02604,**
**Santa Barbara Superior Court.** Premise of case, iPhone charger was
stolen out of Plaintiff's room. A charger is a vital communication
piece; without it, one cannot power phone and thus communicate.

Plaintiff alleges conspirators had hotel employee or possible Los Angeles Police Dept., officer steal Plaintiff's iPhone charger to send message, to stop communicating with Samantha Hoopes. Unlawful patrolling is abuse of power, violation of state and Federal laws and statues and a waste of tax payer money. The culmination of San Jose's repeated unlawful patrolling culminated on or about May 1st at or around 8-8:30 PM. Plaintiff hit on-ramp to 85 South freeway – noticed a San Jose PD patrol car unlawfully patrolling. Plaintiff drove up to patrol car and flagged officer down. Officer and Plaintiff pulled off to side of freeway. What ensued between Officer Enterline #3821, Officer Kirby #3817 and Sergeant Jackson #3133 was a major violation of Plaintiff's civil rights. Plaintiff gave the right for San Jose PD to search vehicle, even though Plaintiff stated it was unlawful. Plaintiff was also handcuffed and detained on the side of the freeway for a good 30-35 minutes. Plaintiff filed complaint with Mark Mabanag #3446 with San Jose PD Internal Affairs Unit on May 2nd, 2016.

**11.  Los Angeles Sheriff's Department (Herein LASD) –ticket citation#AA467296**

 LASD has engaged in unlawful patrolling from late November, 2014 to present. Plaintiff communicated with Sheriff James McDonnell hundreds of times via email and text to email to jmcdonne@lasd.org Plaintiff and Sheriff McDonnell even exchanged Christmas greetings in December

of 2015. LASD handles security et al for Los Angeles Superior Court

{herein LASC}. Plaintiff has two instant cases at LASC -- #15K05516

BALIK v CHOCOLATE SHOPPE ICE CREAM and #15K04655 BALIK v SUPER 8

HOTEL AZUSA. #15K05516 implicates US Congressman Fred Upton [6th

District MI] In addition to the heavy unlawful patrolling around the

Courthouse area; Plaintiff also alleges foot deputies would try and

act as a deterrent. Plaintiff even had a few deputies waiting outside

the courtroom. Plaintiff sent communiqué to Sheriff McDonnell to warn

that his Deputies behavior is being construed as Obstruction of

Justice.

Plaintiff was driving north on Highway 101 to Santa Barbara, when two

LASD Sheriff squad cars started to tail Plaintiff. As always,

Plaintiff engaged LASD Deputies – rolled down car windows and pointed

at them, let Deputies know they were unlawfully patrolling. LASD

squad cars sped up – Plaintiff was trying to flag them down and sped

up too. Plaintiff was subsequently pulled over for speeding. [72 Mph

on 101 65 Mph Posted Limit] See PEOPLE OF THE STATE OF CALIFORNIA v

JEREMIAH W. BALIK, #AA467296 Update: Moving violation was dismissed

at trial on June 28th, 2016 – Chatsworth Courthouse, Hon Weiss

September 2015 – early December 2015; super model Samantha Hoopes

posted a picture of her in a dress with a Black male wearing a white

shirt with black suit coat and what appears to be a dress or kilt. In

the background are LASD squad cars. This pix is highly derogatory –

Plaintiff suspects Mayor Rahm Emanuel and or surrogates had something

to do with it. Mayor Emanuel is evil, a mega liar, shady and
Machiavellian with a pro aggressive homosexual agenda. Plaintiff as a
true man of faith/God/Hashem finds Mayor Emanuel and his agenda
wrong. Over the Memorial Day holiday weekend, the City of Chicago
experienced some 56 shootings and 6 deaths. Plaintiff proffers, as
long as Mayor Emanuel is Mayor, the city will suffer.

**12.  City of Ventura – Ventura PD,**

Ventura Police Dept., has engaged in multiple offences of unlawful
patrolling over a year's time. The culmination of the unlawful
patrolling took place on Feb 18th, 2016. Plaintiff was driving to UPS
Store on 35 W Main St Ste B Ventura, CA 93001, (805) 643-6245 to
courier Duces Tecum subpoenas [Subpoenas and instant cases implicate
Mayor Rahm Emanuel of Chicago and US Congressman Fred Upton] A
unidentified Ventura Police officer did a hard tail on Plaintiff for
a few miles to UPS Store. Plaintiff snapped pictures on his iPhone of
Ventura Police officer and squad car. [Note: Plaintiff was on
Thompson Blvd] Plaintiff filed a complaint with Ventura Police Dept –
during conversation with Commander Tim Higgins; Cmmdr Higgins said
something revelatory to Plaintiff. Cmmdr Higgins upon looking at
Plaintiff's video snippet of incident said the California Exempt
License Plate on squad car was not checked out in the logs on Feb
18th. Plaintiff immediately replied, Ventura PD officer must have

swapped plates. Cmmdr Higgins disposition changed – he replied [not verbatim] "I hope my guys aren't doing that"…

13. **City of Santa Clara – ticket citation #K361528, Case No 7-16-TR-484154**

City of Santa Clara has engaged in unlawful patrolling since July 5th, 2015. Plaintiff is litigating BALIK v. TOY TALK, INC & MATTEL, INC in the Northern District of California, #15cv-04556-JST. Plaintiff usually stays in the Silicon Valley, specifically San Jose CMSA. Plaintiff is a 49er football fan [primarily Green Bay Packers] and would often drive by Levis Stadium. Plaintiff has documented numerous instances of unlawful patrolling; and has stopped into the Santa Clara Police Department more than a dozen times and even once into City Hall per the Mayor. Plaintiff would rate Santa Clara PD has notoriously bad for unlawful patrolling. Plaintiff proffers Santa Clara PD has a lot of time on their hands; thus giving way to needless unlawful patrolling and the wasting of tax payer dollars. Santa Clara PD would also engage in unlawful set ups. E.g. Santa Clara PD tracks Plaintiff's whereabouts via GPS/LBS – via cell phone carrier. Santa Clara PD sets up a "stop area" where they know Plaintiff is heading. One such incident happened February, 12, 2016 – violation VC-22101D-1, Plaintiff was going to take a picture of Levis Stadium, since SuperBowl 50 had just been hosted at Levis February 7th, 2016. Plaintiff noticed Santa Clara PD "Set up" on Layfayette

Street - Plaintiff's hunch it was unlawful. To protest, Plaintiff made an illegal or unlawful u-turn in front of Santa Clara PD to speak to them. Plaintiff pulled up to Santa Clara PD and engaged in a conversation about being unlawful and that Plaintiff had dropped off cease and desist material to Chief Michael J. Sellers. Plaintiff was subsequently cited. Plaintiff has trial date in August and plans to remove ticket to Federal Court. Incident implicates US Congressman Fred Upton.

**Santa Clara Sheriff [Jan 4th, 2016 at 3;22 PM]** - Mayor Rahm Emanuel prompted Santa Clara Sheriff's Dept to come to a Target in Cupertino, CA unnecessarily. All based on an incident with a woman [Emanuel surrogate]in the Target parking lot. See pixs attached hereto

**14. Santa Barbara County Sheriff's Dept [aka Barney Fife Sheriff's Dept] - ticket citation #S228630**

Santa Barbara County Sheriff's Dept [herein SBCSD] has been engaged in unlawful patrolling since the filing of Plaintiff's civil case #15cv02604 BALIK v. HALF MOON HOTEL, FRANK WEISER COUNSEL; Santa Barbara Superior Court, Hon James Herman presiding. Plaintiff made good faith attempt to curtail the unlawful behavior by meeting with Chief Deputy Samuel L Gross with SBCSD on or about Sept 20, 2015. It was a good meeting; Chief Deputy Gross even recommended a few restaurants to Plaintiff to try in town. Plaintiff went to Max's and enjoyed it. Relations were good for a month and then things began to

*deteriorate*. Since SBCSD does security services for Santa Barbara

Superior Court; Plaintiff made  dozens of attempts [leaving notes at

SBCSD Headquarters, text to email sdg0547@sbsheriff.org and phone

calls] to reach out to SBCSD and warn of future litigation and

obstruction of justice. Earlier this year, Plaintiff was pulled over

by SBCSD in a K-Mart parking lot in Goleta, CA and then let go. Also

earlier in the year 2016, Plaintiff was harassed by two deputies [one

Black and one White] in the Santa Barbara Law Library. The complaint

was generated from a Clerk, Plaintiff had just dealt with – they

claimed Plaintiff was being "disorderly" – Plaintiff was printing out

a letter from US Sen. Charles Grassley, head of the Senate Judiciary

committee. Plaintiff told Deputies he would contact Sen. Grassley per

anymore harassment. Situation was quelled – Deputies left Law

library.

Plaintiff was pulled over at or around April/2016 off Turnpike exit

on 101 in a Von's grocery store parking lot. Plaintiff had high-

beamed SBCSD Deputies for unlawfully patrolling. Plaintiff was told

by Deputies, High-Beaming was illegal according to Calif Vehicle

Code. No ticket or citation.

On or about 30MAY16 – Plaintiff was driving North bound on Hollister

in Goleta, CA. Two SBCSD Deputies did a hard tail. Plaintiff pulled

over in a Super 8 Hotel parking lot [not coincidentally, Plaintiff

has instant action vs SUPER 8 HOTEL AZUSA, DIPAK PATEL, LASC

#15K04655. Plaintiff alleges Mayor Rahm Emanuel, implicated in case,

was trying to send a message, not to pursue justice] Plaintiff explained to Deputies this was the final straw; that Plaintiff would add SBCSD as a co-defendant in forthcoming litigation.

31MAY16 – Plaintiff subpoena's Chief Deputy Samuel L Gross per instant case #15cv02604.

31MAY16 / Carpinteria, CA – Plaintiff is pulled over and given ticket for "Out of State Registration" – Plaintiff immediately states to Deputies, ticket citation is retaliatory. [Note: No other law enforcement agency, gave ticket to Plaintiff per Veh Code § 4152.5, Out of State Reg, when pulled over. LASD, LAPD, Santa Clara PD, CHP, San Jose PD etc. Plaintiff's Wisconsin OIF Veteran lic plates read "Sammy 7" – a tribute to then girlfriend Samantha Hoopes] On June 2nd, 2016 Plaintiff corrected situation and registered vehicle in California at Culver City DMV.

21JUN16 – 3 SBSO Deputies unlawfully patrolling in Goleta, CA around dusk.

Chief Deputy Samuel Gross declaration attached hereto; is filled with inaccuracies. Chief Deputy Gross states Plaintiff was escorted out of the Recorders office at the Santa Barbara Courthouse. This statement is not true; after visiting the Clerk's office, Plaintiff went to the law library within Courthouse. Chief Deputy Gross states Plaintiff sent 385 emails, text to emails etc. Plaintiff wants court to note, Plaintiff made good faith efforts to work things out.

**01JUL16** – Unlawful patrolling 3 to 4 squad cars around Toyota Santa Barbara in Goleta.

**07JUL16** – Unlawful patrolling again, this time with UCSB Police Dept [under Chief Dustin Olson] sent emails to both PD units.

**11JUL16** – Deputy in Squad car sped by me on 101 north – near 217 exit.

**12JUL16** – Two deputy's coming from Santa Barbara Courthouse conveniently meet Plaintiff at cross walk [Fig & Anacapa] as Plaintiff is walking into Courthouse to check calendar on S228630.

**12JUL16** – Traffic hearing, Courtroom 3, SBSC. Defendant, Jeremiah W. Balik corrected mater with California registration. Per Hon Anderle's ruling, Plaintiff to pay $50.00.

**10JUL16** – **Santa Barbara PD** [bad apple officer] may have stolen a Chocolate Shoppe Ice Cream Doc [Tom Hanks with Rep Upton on it] from Reality church Santa Barbara.

**15. San Diego County Sheriff's Dept; Incident Report #16135380**
Plaintiff stopped in for gas at a Valero in Encinitas, CA before heading down to the Southern District of California, Federal Courthouse to check on case/Hon Hayes ruling at or around 5:40 AM on July 14th, 2016. Gas was priced at $2.65, best in the area by far. [Perhaps a lure from conspirators] Plaintiff went to use bathroom after pumping gas; it was "out of order"; due to some issue the night

before. Plaintiff has had the "bathroom out of order" issue happen up and down the coast of California. Immediate suspicion arose – conspirators Emanuel/Upton Et Al at it again. Plaintiff made a comment to the affect, 'as long as it was truly out of order, as God as our witness'. Male Valero employee's demeanor changed. Plaintiff was also purchasing a cranberry juice at the time. What ensued was a verbal altercation – male Valero employee snatched juice away and was told to leave store. Female Valero employee agreed.  Plaintiff left and male Valero employee pursued like a "professional Donald Trump like agitator/instigator". Words ensued – male Valero employee said he was calling the cops. Plaintiff replied 'do you mean San Diego Sheriff', Male Valero employee said Yes. Plaintiff said he would wait for San Diego Sheriff's Dept., to show up. Plaintiff gave male Valero employee some identifying information and told both employees he was a Pro Se "Litigator". [E.g. Mayor Rahm Emanuel subpoena with Plaintiff's contact info, info on Chocolate Shoppe Ice Cream Company, Inc LASC #15K05516 case with Rep Fred Upton's picture on it] Male Valero employee crumpled the papers, threw them at Plaintiff. More talking went back and forth – Male Valero employee called Plaintiff a "Nigger" and "Stupid" – Plaintiff quipped 'you work in a gas station, take a picture of the back of my car, license plate'. [has Northwestern University license plate holder] Male Valero employee asked "why do you want to fight me?" – Plaintiff said he didn't that male Valero employee was a "coward" and Plaintiff is a "litigator",

that Plaintiff will call Valero corporate.{Northern Cal & San Antonio} Plaintiff started to snap some pictures - a customer driving a black pickup truck got caught in the picture, started questioning Plaintiff about why he was taking his picture. Plaintiff said he wasn't taking his picture, he got in the way. Customer in black pickup truck started to mix it up verbally with Plaintiff. Things seemed "staged" US Congressman Rep Upton style at this point. Valero employee's kept urging Plaintiff to leave before "cops" came – Plaintiff replied Plaintiff would wait until they came. Plaintiff thought the response time of San Diego Sheriff was unusually slow; especially given their North County station was around 2 miles away. During entire process, Plaintiff kept identifying himself as a "litigator" and never threatened anyone's life.  Finally San Diego Sheriff's Dept arrived – questioned both parties and searched Plaintiff's person and vehicle. Plaintiff told one female deputy and two male deputy's not to plant anything in vehicle. They acknowledged they would not. Plaintiff was drinking a Starbucks double shot expresso coffee in a can. Deputy Abraham snatched it out of Plaintiff's hand and threw it away. Plaintiff responded, "are you going to buy me another one?" Deputy Abraham replied no then proceeded to ask Plaintiff to sit down on pavement. San Diego then asked Plaintiff to get up and performed searched. Plaintiff asked what their probable cause is…

San Diego Sheriff Dept., told Plaintiff they were detaining Plaintiff on "5150" – that Plaintiff would need a medical evaluation. Plaintiff found this to be strange and excessive… "Planned". Plaintiff fully cooperated and was hand cuffed and unlawfully detained and taken to Tri City Medical in Oceanside, CA by Deputy Abraham and Deputy McCaullaugh[sp]. Plaintiff immediately told San Diego Sheriff's Dept., their actions were deemed excessive and unlawful. Asked how long they have been on the force? 5 years – Deputy McCallaugh[sp] was a former North County firefighter. Plaintiff began to cross examine deputy's – Deputy Abraham didn't want to go along, didn't really want to answer Plaintiff's questions.

Plaintiff went through a battery of test [E.g. blood, urine etc.]; everything came up clean. Plaintiff felt Tri City Medical was "stalling" and "delaying" things for most of the day. Plaintiff was asked to sign agreement – Plaintiff marked it up, struck clauses and eventually denied signature. Plaintiff spent entire day at Tri City Medical with some other serious 5150's. Plaintiff overheard other 5150's narratives – these were serious, hard cases. [E.g. Drugs use, actual threats of violence etc.] Plaintiff met with Doctors and was finally released around 5 PM.

*Incident at Valero should be available via digital tape backup from IP surveillance cameras.*

**16. LAPD [Not named as Co-Defendant]**

Has engaged in repeated unlawful patrolling from November 2014 to present. Plaintiff has sent many cease and desist letters to Chief Charlie Beck at LAPD Headquarters, even copied Mayor Eric Garcetti. Plaintiff received Citation #C908266. After calls and emails, LAPD vacate or rescind ticket. Plaintiff to attend a Coffee with the Chief event sometime.

**04JUL16** - worked alongside LAPD and CHP, doing volunteer work at Shepherd of the Hills church, 4th of July Spectacular in Porter Ranch, CA.

**18JUL16** - Plaintiff waiting to speak with Patty (Patricia) Rosales/VP Clarity Mgmt/Poquito Mas regarding "pharm" incident at Chatsworth location and the "LAPD" discount.

17JUL16 DUSK: Plaintiff alleges a "runner" came into the Chatsworth Poquito Mas store on July 17th, 2016 at or around 8:00 PM -- the runner waited in line for a bit, but did not order food. [Suspicious activity - red flag] The runner then signaled and met up with a male Poquito Mas employee and delivered "pharm" [Pharm to make Plaintiff drowsy, Rep Upton and Mayor Emanuel want to steal legal docs from Plaintiff etc. Rep Upton did it at *Texas Roadhouse Grill* in Sacramento area, Travelers Insurance claim #E5Q4133 ] the male Poquito mas employee left the register/counter area to meet runner on restaurant floor. The male Poquito mas male employee then goes back to the counter and appears to hand off something with Poquito mas male cook.

Restaurant gets busy [Upton likes to do this] now Poquito Mas has excuse for food arriving late. [Plaintiff has patronized the restaurant location before, food item never took this long to make] Female Poquito Mas employee buzzes Plaintiff; when Plaintiff gooes to counter to pick up to go food, Female Poquito mas employee looks away – no typical "thanks" or "good night" greeting.

Plaintiff being ex-military, Plaintiff typically maintain situational awareness and caught everything. Plaintiff threw away the tainted food. Studio plate item only cost $4.25 or so -- Plaintiff received an "LAPD Discount" {military} Normal price is $8.25 for a studio plate. Plaintiff placed an order to go, notices LAPD squad car unlawfully patrolling near by once in car. LAPD or rogue LAPD officer probably had involvement. Plaintiff to subpoena video tape back up.

**17. California Highway Patrol [Herein "CHP", not named as Co-Defendant] Citation #81827TN**

Has engaged in repeated unlawful patrolling up and down the state of California, from October 2014 to present. Worst offending sub station is Ventura, CA and Culver City, CA. Plaintiff sent cease and desist docs to Commissioner Farrow in Sacramento Hdq. A positive came when Plaintiff spoke with a commander from Hdq to discuss issues.

Plaintiff now texts customerservicehq@chp.ca.gov when Plaintiff sees unlawful patrolling or any possibility of shenanigans. The height of unlawful patrolling came when Plaintiff was pulled over in North San

Diego County for "license plate holder obstructing view of license plate [Wisconsin]". Plaintiff went to trial and corrected matter. Big run ins in San Jose, Culver City and King City. [See Pics] **04JUL16** - worked alongside LAPD and CHP, doing volunteer work at Shepherd of the Hills church, 4th of July Spectacular in Porter Ranch, CA.

**18. Chula Vista Police Dept.,** [July 2015]

Plaintiff went to use Law Library in Chula Vista Courthouse. Plaintiff arrived early and the library was not open yet. Plaintiff decided to drive to McDonalds nearby. When Plaintiff arrived, the McDonalds was full with Chula Vista PD officers [more than eight] Plaintiff immediately suspected shenanigans "Rep Fred Upton\Boehner" style. Plaintiff had a few words with some of the officers - Plaintiff told them to stay lawful. When Plaintiff drove back to the courthouse, all the parking spots were full. Plaintiff alleges this was planned by Chula Vista PD -- Plaintiff did not use Law Library.

**19. Citrus Heights Police Dept.,**

Plaintiff was issued citation #549894CM on 07/12/2015 by Citrus Heights Police Dept.; ticket was later vacated after Plaintiff's pleading of "unlawful patrolling". Citrus Heights PD [and Rancho Cordova PD] has engaged in unlawful patrolling since November 2013 -

when Plaintiff lived in the Sacramento CMSA; while working for wireless integrator Alpha Omega wireless.

25APR16 Latest incident - Texas Roadhouse; Plaintiff drove from the SF Bay Area to Sacramento ["Sacto"] to attended church services at Bayside church in Granite Bay, CA. Plaintiff spent day in Sacto, checked out the new Golden1 Arena and worked out at the YMCA. Plaintiff drove to Citrus Heights to order takeout before driving back to the SF Bay Area. Upon arriving, Plaintiff noticed 4/5 Citrus Heights PD ostensibly speaking with a perp. Plaintiff ordered take out and alleges it had "drugs/pharm" in it. Plaintiff further alleges Citrus heights PD had something to do with it "Rep Upton style". Plaintiff did not make it back to San Jose on April 25th – rather Plaintiff stayed in the Pittsburg/Antioch area because Plaintiff felt so drowsy. Plaintiff immediately filed complaint with Texas Roadhouse Grill and visited the VA Hospital in Palo Alto. Plaintiff received call from Texas Roadhouse Grill's insurer Travelers Insurance Co., claim #E5Q4133. At Present, Travelers has denied claim.

**20. Sutter Creek PD**

Citation # SC 01421 / blocking entrance to police parking lot – Plaintiff paid. Plaintiff was sending message about unlawful patrolling.

**21. Santa Cruz Police Dept., [First Amendment violation]**

Plaintiff attended Sunday service at Holy Cross Church in Santa Cruz, CA on or about 24APR16 Plaintiff drove from San Jose -- was running a little behind (7 AM Service) when Plaintiff arrived; two Santa Cruz PD SUV Vehicles were in the parking lot. [Note: Plaintiff has instant case #15cv04556-JST before Northern District of California. BALIK v TOY TALK, INC & MATTEL, INC]

In all the times Plaintiff attended Holy Cross Church, Santa Cruz PD was never in attendance. Plaintiff immediately suspected "shenanigans" Samantha Hoopes style [see BALIK v HALF MOON HOTEL Et al Santa Barbara Superior Court www.sbcourts.org #15cv02604 - Subpoenaed Super Model Samantha Hoopes per July 13th hearing. Santa Cruz PD was suppose to be a deterrent to Defendant moving forward per case]

Mayor RAHM Emanuel (Chicago) is implicated. Plaintiff did volunteer campaign work for Emanuel during his first mayoral run, before Plaintiff knew how evil, devious, Machiavellian he is. Emanuel's brother is WME/IMG CEO/agent Ari Emanuel. Rahm & Ari are trying to set Samantha Hoopes up with one of their clients E.g. QB Russell Wilson, Leonardo DiCaprio etc Samantha Hoopes gets her coveted front cover of "Sports Illustrated" for being with someone she doesn't love. Samantha hoopes loves Plaintiff, Jeremiah W. Balik

Plaintiff filed complaint with Sgt. Garcia in Professional Standards Unit P#: 831-420-5819 (also mailed coupon for free Dunkin Donut) and

subpoenaed Chief Ken Vogel and Independent Police Auditor Robert Aaronson per SBSC case #15cv02604.

22. San Francisco Police Dept [herein SFPD]

SFPD engaged in unlawful patrolling around October 2, 2015; **the time Plaintiff filed Federal Complaint in the Northern District of California; San Francisco Division. BALIK vs. TOY TALK, INC & MATTEL, INC #15cv04556-JST. Excerpt from "SF Gate" newspaper** "Accusations of racism in the San Francisco Police Department gained momentum in federal court Thursday [June 30th, 2016] when a judge ruled that a series of Tenderloin drug stings — in which all 37 people charged were black — showed "substantial evidence" of racially discriminatory law enforcement."

"The evidence shows there are substantial numbers (and a substantial proportion) of drug dealers in the Tenderloin who are not African American; yet they were not stopped or arrested," said U.S. District Judge Edward Chen.

There is "substantial evidence of racially selective enforcement by the San Francisco Police Department" and its partners in the U.S. Drug Enforcement Administration, Chen said. He said the defendants are entitled to seek evidence from the police agencies about their racial practices. And, he said, selective law enforcement — singling out blacks for arrest — is a civil rights violation that would require dismissal of the charges if proved.

23. Oakland Police Dept

**Engaged in unlawful patrolling around** October 2, 2015; **the time Plaintiff filed Federal Complaint in the Northern District of California; San Francisco Division. BALIK vs TOY TALK, INC & MATTEL, INC #15cv04556-JST.**

24. {Not Exhaustive} Santa Barbara Police Dept., Pasadena Police Dept., Culver City Police Dept., Glendale Police Dept., Chino & Chino Hills Police Dept., Huntington Beach Police Dept., Manhattan Beach Police Dept., Long Beach Police Dept., San Diego Police Dept., San Diego Sheriff's Dept., Bakersfield Police Dept., Kern County Sheriff's Dept., Fresno Police Dept., Sacramento Police Dept., Sacramento Sheriff's Dept., Rancho Cordova Police Dept., Sutter Creek Police Dept., Eureka Police Dept., Greenwood PD, Culver City PD, San Bernardino PD [Choc Shoppe Docs]

**\*Great Lakes PD/Naval Police/Masters-At-Arm** –shenanigans from Mayor Rahm Emanuel at or around May/2014. Escorted off Naval base, by Naval Police. Was detained for a short time, Plaintiff alleges Navy PD sent an email to Nicole/Next Generation Wireless from Plaintiff's iPhone.

Plaintiff believes delineating work history would be helpful to Court. Work history also establishes a material connection with conspirators Mayor Rahm Emanuel and Rep Fred Upton Et al…

Incorporated herein, complaint filed with Southern District of California;

25. **Additional Background**: Plaintiff has friends and family in law enforcement. E.g. worked side-by-side with TJ Weigand [tjweigand@hotmail.com] with Chicago Police Dept at Willow Creek church/downtown campus. Plaintiff was a head usher – collected money from other ushers after offering and put in safe. Chicago PD provided escort service. Plaintiff attended high school with officer serving in Cedar Falls Police Dept – Plaintiff ran into him at a Hy-Vee supermarket in Cedar Falls, shortly before aforementioned incident.
 Again, Plaintiff worked with law enforcement in previous jobs [E.g. Verizon Wireless, Connectronics etc]

Plaintiff has family in law enforcement; Brother-in-law Andrew Clements {US Army Reserves, Warrant Officer, Pilot}, married to my older sister Annette (Balik). 880 St. Andrews Drive, North Liberty, IA 52317 (319) 626-2806 and aclements406@yahoo.com

Plaintiff's Uncle-in-law Tom Bernatz {Vietnam vet, Seabee} married to Plaintiff's Aunt Ruth, is former Sheriff in NE Iowa. 679 East Jefferson Street, New Hampton, IA 50659 (319) 240-6184 and tbernatz@iowatelecom.net

**26. Case No.: 16-CV-1106 WQH-BGS BALIK v. SPRINT-UNITED MANAGEMENT CO/TIME WARNER CABLE, INC /TELEPHONE AND DATA SYSTEMS, INC [Parent company to US Cellular]**

EEOC/Los Angeles issued Plaintiff Right-To-Sue Letter; State or Federal Court #480-2015-01841 [Sprint] #480-2015-01839C [TWC] and US Cellular COMPLAINT NO. 3428 & TDS Telecom #440-2012-03129 [Iowa Civil Rights Commission and EEOC/Chicago respectively] True and accurate copy of letter, attached hereto

**Precedence of Mayor Rahm Emanuel Job Tampering 1:** [Year 2011-2012] Plaintiff interviewed and accepted an offer from Defendant as a Government Account Manager [herein GAM]. Plaintiff spent months landing job from one-on-one interviews with hiring manager Robert A Dolan in Hoffman Estates, IL to Five panel interview sessions in Downtown Chicago. The GAM position handled the City of Chicago, with Rahm Emanuel the newly elected Mayor. Plaintiff even had a Defendants email jeremiah.balik@sprint.com ready to go.
Plaintiff's Sprint offer was rescinded for no valid reason. A reasonable person or juror could easily make the deduction [Plausible on its face] that Plaintiff had offer rescinded due to his protected status, color of skin. Pretext also exists, because Plaintiff put in 75 hours of volunteer time on Rahm Emanuel's Mayoral campaign.
Everything from collecting signatures outside heavily trafficked super markets in the Chicago CSMA; to calling potential voters from a list [E.g. phone banking] to fundraising [E.g. called Hollywood connections et al to contribute].Plaintiff met Mayor Emanuel for the first time at a fundraiser held at the House of Blues in downtown

Chicago. Headlining was a WME/IMG Entertainment client, Jennifer

Hudson. Plaintiff had numerous interactions with Mayor Rahm Emanuel -

- even emailing him/staff/surrogates his application toy driven

invention. [#12/659,756 is a published patent and copyrighted]

Plaintiff alleges Mayor Emanuel and his brother Ari Emanuel Et Al

[CEO of WME/IMG Entertainment - client is Hasbro] sabotaged his

patent efforts at the USPTO. Emanuels et al wanted to make

Plaintiff's idea "public domain" - for all toy companies to use

freely. See *Balik vs Toy Talk, Inc & Mattel*, Inc Instant case

*#15cv04556-JST Northern District of California* and *Balik vs Spiral*

*Toys, Inc and The Walt Disney Company*, Instant case *#15cv08112-GW*

*Central District of California and 9th Circuit* appeal.

Plaintiff further alleges that Mayor Rahm Emanuel Et al severely

abused their authority by preventing Plaintiff from getting hired

with Defendant and other telecommunications positions. By doing thus,

Plaintiff could not spend discretionary income on then Patent

Attorney Susan Pan with Sughrue Mion in Washington, DC. [Note:

Plaintiff wrote specification and claims and filed patent. Plaintiff

brought on Patent Attorney Susan Pan, after a dinner meeting at Moe's

Cantina in River North. Attorney Pan paid for dinner and offered her

services to handle inter office actions, up to patent issuance.

Plaintiff alleges the Brothers Emanuel, Toy Industry Association, The

Walt Disney Company; Mattel et al prompted Attorney Pan to work with

Plaintiff - to derail his patent from issuing. [Note: Mayor Emanuel

attended a fundraiser in Hollywood, set up by his brother Ari
Emanuel. Some notable people in attendance were Tom Hanks and Disney
CEO, Robert A. Iger]

 Plaintiff was tipped off about Defendants shady dealings from
Executive VP of External Affairs, Verizon Communications - Tom Tauke.
Tom Tauke is a former Iowa US Congressman and good friends of US
Senator Chuck Grassley [Plaintiff's job reference] Plaintiff also had
a friends' [Wiley] sister's husband that worked for Verizon
Communications in Washington, DC. A mutual friend of Wiley's and
Plaintiff is Ron Horsley at (702) 318-1345 or rchorse@yahoo.com
{Plaintiff, Wiley & Ron are all members of Kappa Sigma Fraternity}
Ron Horsley clued Plaintiff in [Note: Ron Horsley played football for
USC under Pete Carroll. Ron gave Plaintiff and Wiley free tickets to
the 1996 Rose Bowl game - Wiley attended USC and Plaintiff went to
Northwestern University. Pete Carroll now coaches WME/IMG
Entertainment client QB Russell Wilson. WME/IMG Entertainment has
been actively trying to set up Plaintiff's then girlfriend super
model Samantha Hoopes with WME/IMG clients - also Bradley Cooper and
Leonardo DiCaprio]
Plaintiff applied for a wireless sales position in Madison, WI with
Defendant [Reseller]. Plaintiff lived in Madison, WI for 6 months
during 2014. Plaintiff was helping fellow OIF Veteran friend Doug
Pierce and his fiancée Beth. Doug tried to commit suicide. Praise
God, Dane County Sheriff was able to triangulate in on Doug's US

Cellular cell phone and prevent things. Plaintiff spoke with a hiring manager over phone — nothing ever came about. Plaintiff took a job at an AT&T Reseller, selling U-Verse [Cydor] and a job delivering pizza's at night with Glass Nickel Pizza Company. [Note: introduced to Chocolate Shoppe Ice Cream Company, Inc. at Glass Nickel Pizza Company. See Balik vs Chocolate Shoppe Ice Cream Company, Inc. Instant Case #15K05516, Los Angeles Superior Court]

Most recently, Plaintiff applied for positions Plaintiff was more than qualified for with Defendant in San Diego and Los Angeles. Plaintiff received email replies that Defendant would not be moving on with Plaintiff.

Sprint California and Chicago emails, attached hereto as

**Precedent of Mayor Emanuel Job Tampering 2:**

Plaintiff interviewed and accepted an offer with TDS Telecom/Defendant at or around March 21, 2012. Attached hereto, Exhibit 3 Offer letter from TDS Telecommunications Human Resources. Plaintiff was going to work in the Chicago CSMA doing technical sales. Plaintiff had a training date to go to TDS Telecommunications/Defendant Headquartered in Madison, WI. [Note: TDS Telecommunications and US Cellular are owned by T&DS in Chicago, IL] Plaintiff received call from TDS Telecommunications/Defendant HR Specialist Nicole Jooranstand after signing offer letter and getting training start date that they needed to do additional background

checking – call Plaintiff's references. Nicole Joraanstad lied; she never called any of Plaintiff's job references, one of which is US Senator Charles Grassley. Plaintiff called US Senator Grassley staffer Gary Fisher in the Cedar Rapids, IA office 111 7th Avenue, SE, Box 13, Suite 6800, Cedar Rapids, IA 52401-2101 (319) 363-6832 gary_fisher@grassley.senate.gov he confirmed he never received a call from Nicole Jooranstad

Next Generation Wireless [Authorized US Cellular Agent] – Sales Director Nicole Knebel. Plaintiff sent Nicole postcards, emails and once stopped into the sales office in Cedar Falls, IA. Plaintiff would later be arrested and charged for 3rd degree Harassment and unlawfully spend 2 days in Cedar Falls, IA Jail – over a potential job!!!! Attached hereto, Exhibit 4   Plaintiff allege's Mayor Rahm Emanuel/Rep Fred Upton {perhaps Bruce Braley} had involvement – US Cellular/Defendant Corporate Headquarters are in Chicago.

**Precedence of Mayor Rahm Emanuel Job Tampering 3:**

Plaintiff applied for numerous US Cellular technical positions in Chicago, IL, Iowa, Wisconsin and California. Plaintiff was always turned down for positions. Plaintiff applied for a technical sales position with US Cellular Authorized Agent Next Generation Wireless – Sales Director Nicole Knebel. Plaintiff sent Nicole postcards, emails and once stopped into the sales office in Cedar Falls, IA. Plaintiff would later be arrested and charged for 3rd degree Harassment and

unlawfully spend 2 days in a Ceder Falls, IA Jail – over a potential

job!!!! Plaintiff alleges Mayor Rahm Emanuel, Rep Fred Upton,

[Perhaps Iowa Gov. Branstand] had involvement – US Cellular

Corporate\Defendant Headquarters are in Chicago. [Subsidiary of

**Telephone and Data Systems, Inc]**

**Precedence of Mayor Rahm Emanuel Job Tampering 4**: AT&T Reseller, U-

Verse – PrimeTime Executives [Cydcor] Plaintiff worked for AT&T in

Los Angeles as TSCII, or Pre-Sales Engineer. Plaintiff would handle

all high-level technical drawings, presentations to Fortune-1000

companies etc for a group of Account Managers. Plaintiff excelled in

the role – earned the CCDP & CCNP. [Cisco Certifications] AT&T spent

$10,000 for Plaintiff to attend CCNP labs in Pasadena, CA. Plaintiff

worked for AT&T for two years – then was head hunted to work for

Verizon Communications, as a CAM handling Fortune 500 companies;

based out of Norwalk, CA. 9/11 occurred Plaintiff got homesick +

wanted to do more with his life and Country. Plaintiff moved back to

the mid-west after working for Verizon Communications for a year.

Plaintiff is from Cedar Rapids, IA – moved to Chicago, IL and took a

TSCII position with AT&T. Plaintiff also joined the US Navy, in

response to 9/11*. [*Plaintiff would later switch to the US Army as a

2nd LT, then back to the US Navy due to school]  Plaintiff also

decided to go back to school, to work on a Master's degree. Plaintiff

was told by a Vice President [Black woman] he could do it. Plaintiff

also got approval from his supervisor Duane Liggins. [Sp Also Black]

Plaintiff started researching programs – the VP reversed her

decision. One day, Plaintiff got in an argument with his supervisor

Duane. Plaintiff was fired from AT&T in Chicago. Plaintiff took a

position at Verizon Wireless in Evanston, IL. US Senator Dick Durbin

wrote a letter of recommendation for Plaintiff, for Northwestern's

Master of Science in Communications, Managerial. The MSC was a two

year program. A true and accurate copy of the Sen.Durbin letter of

recommendation, attached hereto as

After graduating from Northwestern University with a 3.7 GPA,

Plaintiff was recalled to active duty service to the mid east.

Battalion served in Kuwait and Iraq.

[Year 2010 -2011]Plaintiff would later get hired on to an AT&T

Reseller in Chicago, selling AT&T business VOIP and MPLS technology.

The Reseller was a Cydcor [West Lake Village, CA Corporation]

affiliate. A Muslim co-worker [Ray – close friends with owner Rob

from Detroit, MICHIGAN] made a joke about 9/11 that Plaintiff took

major offense to. Plaintiff had just served in Operation Iraqi

Freedom. Plaintiff had a few words for Ray and said to Robert that

Plaintiff did not want any further interaction with Ray. Robert sided

with Ray and fired Plaintiff. Plaintiff applied for unemployment

insurance in Illinois. Employer [Rob/Cydcor] disputed Plaintiff's

unemployment. State of Illinois used an Administrative Judge to hear

both sides and adjudicate. Plaintiff prevailed in the proceedings and

received unemployment benefits. Plaintiff alleges Mayor Rahm Emanuel

was tampering with his sales efforts while at AT&T Reseller.

Plaintiff was able to sell a large deal, an MPLS WAN [Wide Area

Network] with trans logistic company – K-LINE]

Plaintiff would later work for a wireless [microwave radio] reseller

called Connectronics, handling Illinois and Wisconsin and a wireless

integrator, Alpha Omega Wireless, in Sacramento; CA. Plaintiff

alleges Rep. Fred Upton and Mayor Rahm Emanuel thwarted Plaintiff's

sales and sales efforts. Attached hereto as Exhibit 6, letter from

Mayor Eric Garcetti.

Fast forward to 2014 working in Madison, WI selling U-Verse for an

AT&T Reseller [Cydcor Company] how is it Plaintiff was hired on to an

AT&T Reseller [previously fired in Chicago] and a Cydcor affiliate

[previously fired in Chicago] in Madison, WI? The position in

Madison, WI required an AT&T background check. The owner of the

Cydcor-ICL, said Plaintiff's background check came back the fastest

he had seen – approved. Plaintiff alleges Rep Fred Upton and Mayor

Rahm Emanuel felt guilty + they wanted to endear themselves to

Plaintiff per Samantha Hoopes. [E.g. a favor, we helped with a job,

so stop pursuing Samantha Hoopes kinda thing] Emanuel/Upton et al had

to aid in the approval of background check and hire. [Note: If

background check didn't pass – no hire] Also see Glenn Beck video on

Mayor Rahm Emanuel.

https://www.youtube.com/watch?v=oAkePgf8hkA

Emanuel made $16 to $18 million dollars in two years on an

AT&T/Ameritech based deal. Mayor Emanuel studied ballet at Sarah

Lawrence College and has a graduate degree from Northwestern

University. [Note: Mayor Emanuel via surrogates have also messed with

Plaintiff's Sallie Mae student loans - Mayor Emanuel sat on the

board, when the books were getting cooked]

**Precedence of Mayor Rahm Emanuel/Rep Fred Upton Tampering/US Patent
and Trademark Office [USPTO]:**

During Plaintiff's campaign work for Mayor Rahm Emanuel, Plaintiff

told him/staffers that Chris Heatherly, then VP of Disney Consumer

Products in Burbank, CA lied via email See Exhibit and was trying to

steal Plaintiff's Application Driven Toy Patent idea [Pub Pat

#12659756] Robert A Iger, CEO of Disney [large Apple stock holder],

is good pals with Mayor Rahm Emanuel. Robert A Iger attended a

fundraiser for Mayor Rahm Emanuel in Hollywood, CA organized by his

brother Ari Emanuel [CEO, of WMW/IMG Entertainment]. After telling

Mayor Emanuel of Chris Heatherly's nefarious activities, shortly

after he was fired. Plaintiff alleges Mayor Rahm Emanuel had

something to do with the firing - additionally; WME/IMG Entertainment

handles toy company Hasbro. Plaintiff further alleges Mayor Rahm

Emanuel Et al had my patent "jammed" at the US Patent Office.

12659756 was published but never went to issuance. [Note: Steve Jobs

of Apple is the only "Known Inventor" on the Application]

1  A true and accurate copy of USPTO tampering is attached, hereto as

2  [Email where Chris Heatherly lies incorporated herein PG 13 5-13]

3  From: "Heatherly, Chris" <Chris.Heatherly@disney.com>

4  Date: June 14, 2010 7:38:03 PM CDT

5  To: Jeremiah Balik <shteren.entertainment@gmail.com>, "Calne, Max"

6  <Max.Calne@disney.com>

7  Subject: RE: Spin Master/Marvel : "Iron Man 3" Toyline idea / Desk of

8  Spencer Baumgarten/ CAA

9  Jeremiah,

10  Again, this is a concept we have had in our labs for years and

11  others have done. I can't speak for Marvel but we feel covered at

12  Disney on this. Let us know if the patent issues.

13  Best,

14  Chris

15

16  Plaintiff found out recently, Chris Heatherly is back at The Walt

17  Disney Company, with the Interactive Group.

18

19

20  **CELL PHONE TAMPERING/EMAIL BLOCKING** - US Congressman Fred Upton is

21  Chair of the Energy Commerce Committee [ECC] The ECC oversees the FCC

22  or Federal Communications Commission. The FCC oversees

23  telecommunications companies like AT&T, Verizon, Sprint, T-Mobile, US

24  Cellular, Time Warner Cable, Inc, TDS Telecom, Etc

25  Plaintiff alleges Rep. Fred Upton/Mayor Rahm Emanuel called in favors

26  and had Plaintiff's phone tampered with by numerous carriers.

27

28  Plaintiff had AT&T, Verizon Wireless, US Cellular, T-Mobile and

Sprint/Defendant as carriers for iPhone services. Plaintiff alleges

wifi was blocked, thus running up 3G/LTE data usage - high bills.

Plaintiff alleges network snooping and throttling, GPS/LBS tracking.

Plaintiff went to US Senator Tammy Baldwin and her staffers while in

Wisconsin in 2014; Sen Baldwin and her staffers contacted the FCC per

the aforementioned issues on Plaintiff's behalf. Not much of anything

was resolved. Again Plaintiff's AT&T, Verizon, T-Mobile,

Sprint/Defendant iPhone service via (310) 892-3634 and (619)455-2719

etc was jammed (Wi-Fi), so Plaintiff would have to use 3G/LTE network

- thus running up bill. AT&T/Verizon Wireless/T-Mobile/Sprint/US

Cellular also blocked websites (Samantha Hoopes and Kate Upton

related), text messages and throttled network. Plaintiff switched

over to different carriers, they all did the same things "ECC Style".

Plaintiff also filed Civil Harassment cases on Mayor Rahm Emanuel, US

Congressman Fred Upton and Majority Whip Kevin McCarthy.  A letter

from US Senator Tammy Baldwin is attached, hereto as

Plaintiff really hit it off with Rep. Fred Upton's niece Kate Upton

via social media. Rep. Fred Upton was irate with Plaintiff. Further,

Super model Kate Upton led Plaintiff to Rep. Upton's personal cell

phone number of 269-983-1323 or 2699831323@vtext.com from an email

account. [phone belongs to Rep Upton's wife Amey] Early 2015,

Plaintiff went to a Verizon Wireless store in Inglewood, CA to

complain about iPhone being tampered with by Rep Upton and Mayor Rahm

Emanuel IT surrogates Et al. Plaintiff asked Verizon Wireless

employee to look up 269-983-1323 in Net Ace; Verizon Wireless's

primary billing database. To the Plaintiff's surprise, it didn't show

up in Net Ace. If a number doesn't show up in Net Ace and Verizon

Wireless is the responsible carrier [info needed when one is porting

a number to a different carrier]; it's free. Why is the Energy and

Commerce Committee Chairman, which oversees the FCC, which oversees

Verizon Wireless, receiving a free phone? Lately, Rep Upton has tried

to cover up his malfeasance by trying to disguise 269-983-1323 as a

landline number.

**Precedence of Mayor Rahm Emanuel Job Tampering 5:**

Plaintiff applied for/took assessments for numerous jobs with Time

Warner Cable/Defendant, Inc in the Los Angeles CSMA and San Diego

CSMA on or about from October 2014 - May 2015[E.g. Major Account

Executive - Gov.Ed opening - 165029BR Applied April 12, 2015]

Candidate Reference Number 16450378 In all instances, Plaintiff was

never called for interview and would only receive emails from Time

Warner Cable, Inc stating that they are pursuing other candidates.

Email from Time Warner Human Resources and Press-Release from former

employer Alpha Omega Wireless – listing telecommunications/technical,

military and education background. TWC email and Alpha Omega Wireless

press release is attached, hereto as-

See Balik v. Time Warner Cable, Inc Instant Case #15-cv-06886 SJO

(AJWx) from Los Angeles Superior Court Case (Defense counsel removed

case) case #BC590455 and 15LC-0842 San Luis Obispo Superior Court –

Plaintiff was deemed a Vexatious Litigant in this case against

TWC/Defendant. Plaintiff felt this was a pathetic legal strategy.

Judge LaBarbera adopted the tentative ruling – Plaintiff had to pay

$10,000 surety bond to proceed forward. Plaintiff filed a complaint

with Kurt Deucker with the California Judicial Counsel in San

Francisco, CA. As of the filing date of this complaint, Plaintiff is

not on the Vexatious Litigant list.

**Detective Zimmerman Call – Washington, DC Capitol Police**

Plaintiff received call from *Detective Zimmerman* with the *Washington,*

*DC Capitol Police* (202) 224-9806 on or about June 23,2015  Per the

conversation, Mayor Rahm Emanuel was implicated in various pending

litigation – Case # 15K09734 Jeremiah W. Balik v. Toyota Santa

Monica,[Ventura case v. Toyota Santa Monica, settled out of Court]

Case #15CV02604 Jeremiah W. Balik v. Half Moon Hotel/SBSC {Frank

Wesier Counsel}, Case #15K04655 /LASC Jeremiah W. Balik v. Super 8

Azusa Hotel {Maughan Law counsel – Attorney substitution} Congressman

Fred Upton implicated in Case #15K05516 /LASC Jeremiah W. Balik v

Chocolate Shoppe Ice Cream {Jannson, Munger, McKinley, & Shape Ltd

Counsel} They're both implicated in old Case # BC590455 & BC590455

Jeremiah W. Balik v Time Warner Cable { Defense Counsel, James Bowles

and Casey Moran, Elissa with Hill, Farrer, & Burrill LLP} Both cases

were removed to Central District of California. Plaintiff never

answered, was told by EEOC-LA State or Superior Court only. Instant action #15-cv-06886-SJO now in 9th Circuit of Appeals -- Appellate Docket Number 16-55514 **Plaintiff filed Civil Harassment suits 15S01909 v. Mayor Rahm Emanuel and BCV15100742 v. US Congressman Fred Upton & BCV15100741 v.US Rep Kevin McCarthy whom aided US Congressman Fred Upton in California.**

**US Senate - EEOC Support Letters**

Plaintiff received EEOC support letters from US Senator Dianne Feinstein/Staffers, US Senator Tammy Baldwin/Staffers, US Senator Mark Kirk/Staffers and US Senator Charles Grassley/Staffers. A support letter from US Senator Dianne Feinstein is attached, hereto as and a letter from US Senator Charles Grassley per attorney referral per US Cellular/Next Generation Wireless legal matter, is attached hereto as

**Precedence of Rep Fred Upton Tampering - GPS Kill Switch"**

Plaintiff incorporates paragraphs 1-15 herein by reference. Plaintiff alleges that either Congressman Fred Upton [Energy & Commerce Committee Chairman - ECC oversees the FCC, Federal Communications Commission, which oversees Time Warner] or Mayor Rahm Emanuel or BOTH abused their authority and called in a favor to Time Warner, Sprint Etal to block and prevent Plaintiff from getting interviewed and hired at telecommunications companies. Plaintiff has a past with both aforementioned super-shady and evil political members [E.g. Put in 75

hours of campaign work when then Whitehouse Chief of Staff Rahm Emanuel ran for Mayor of Chicago.] + Plaintiff further alleges "job blocking" had to do with his then girlfriend Super Model Samantha M. Hoopes. [Note: US Congressman Fred Upton & Mayor Rahm Emanuel didn't want Plaintiff pursuing/courting Super Model Samantha Hoopes. They wanted to set Samantha M Hoopes up with a WME/IMG client; like Seattle Seahawk's QB Russell Wilson, Actor Leonardo DiCaprio, and Actor Brad Cooper. Samantha M. Hopes met them all - Samantha also mentioned relationship with Plaintiff on an Episode of "Guy Code" on MTV2 Plaintiff will provide Court video Clip, Plaintiff subpoenaed evidence from MTV Networks/Viacom. Plaintiff also subpoenaed Samantha Hoopes, US Congressman Fred Upton and Mayor Rahm Emanuel per instant case #15cv02604/SBSC] - Upton/Emanuel abused their authority by taking away potential jobs to send a message to Plaintiff "Back Off" - it backfired on them thoroughly]

 **"GPS KILL SWITCH" /KATE UPTON BACKGROUND:** When Plaintiff lived in the  Chicago CSMA at or around 2012-2013; he stayed in the Gurnee/Waukegan/North Chicago area.

{*Excerpt from Top 10 Torts doc*} I allege Eric Paramski, owner of MacLagan Auto, 3710 Grand Avenue, Gurnee, IL 60031 and 847-244-0247, installed a GPS Kill Switch in my Volvo. I allege Mayor Emanuel was aware, however, Rep Fred Upton is the main culprit. Via social media [Instagram and Twitter] I started interacting with Super Model Kate Upton. [Also via her team at IMG Models in New York City - Ivan Bart

& Lisa Benson]. Kate led me to her parents' home address in Stevensville, MI. Kate led me to US Congressman Fred Upton personal cell phone of 269-983-1323 I also had her brother David's St Joe cell number to get messages to Kate. Kate and I had a sophisticated way to communicate on Instagram. [All the accounts have been taken down] Kate really liked me…maybe even Loved me. This made Rep Fred Upton angry – he used his AT&T contacts to jam my network, slow me down on Instagram and other really bad stuff. Having the GPS Kill Switch in my car generated thousands in unnecessary bills. Around this time last year, I drove my Volvo to do research at Toys R Us in Gurnee, IL. My car had just been worked on at MacLagan Auto Center in Gurnee, IL. It was going good. I go into the store and walk the aisle, checking out new app driven toys and such.

I come out and open my car to start it. A woman driving a white SUV with Michigan license plates started circling my car. She drives in circles…over and over. Being ex-military I give her a hard stare – she then comes in closer. I give her an intense look and throw my hands up like "what's up". Subsequently she drives off – I go to start my car….it doesn't start. I'm suspicious at this point, my car was driving well + just had work done. I start to Google GPS Kill Switch + call Officer Departe with Gurnee Police Dept [I did a ride along with him] I leave him a message asking about GPS Kill Switches. I call MacLagan Auto and AAA to get towed.

CIVIL RIGHTS COMPLAINT - 44

My call to AAA was routed to a Michigan call center. I waited 4 or 5 hours for a tow truck to come. They were stalling, so that MacLagan auto couldn't work on my car [they closed at 5 PM]. It was a Friday and MacLagan was closed for the weekend. I knew it was Rep Fred Upton. [Perhaps he worked in concert with Mayor Rahm Emanuel] Toys R US should have digital backup via IP Surveillance cameras in the parking lot. Plaintiff alleges US Congressman Fred Upton had GPS Kill Switch installed as punishment for getting very close with his Super Model niece Kate Upton  – Rep Fred Upton wanted to run up my auto repair expenses. US Congressman Fred Upton letter is attached, hereto as

## **CLAIMS**

27. 42 USCS § 1983 gives remedy--action at law, suit in equity, or other proper proceeding for redress--to parties deprived of constitutional rights, privileges, and immunities by official's abuse of his position. Monroe v Pape (1961) 365 US 167, 81 S Ct 473, 5 L Ed 2d 492 (ovrld in part on other grounds by Monell v Dep't of Soc. Servs. (1978) 436 US 658, 98 S Ct 2018, 56 L Ed 2d 611, 17 BNA FEP Cas 873, 16 CCH EPD P 8345; Winicki v Mallard (1986, CA11 Fla) 783 F2d 1567; Wilson v Civil Town of Clayton (1988, CA7 Ind) 839 F2d 375; City of Canton v Harris (1989) 489 US 378, 109 S Ct 1197, 103 L Ed 2d 412; Thomas v Gee (1994, SD Ohio) 850 F Supp 665; McBride v Village of Michiana (1994, CA6 Mich) 23 Media L R 1600;

42 USCS § 1983**(Replace this text with the name or description of the notes section you selected the text from.)**

42 USCS § 1983, which authorizes redress for violations of constitutional and statutory rights, is not itself source of substantive rights, but rather method for vindicating federal rights elsewhere conferred by those parts of United States Constitution and federal statutes that it describes. Baker v McCollan (1979) 443 US 137, 61 L Ed 2d 433, 99 S Ct 2689.

An arresting officer must have probable cause to believe that the person arrested committed an offense. Probable cause exists if at that moment the facts and circumstances within the officer's knowledge and of which the officer had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense. An arrest based on probable cause does not violate the Fourth Amendment, even if the wrong person is arrested. An arrest warrant is required for an arrest inside a home, absent exigent circumstances.

**28. First Amendment violations**

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of

speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances. Santa Cruz PD incident violated First Amendment rights per freedom of religion and the free exercise thereof. Cedar Falls PD, San Jose PD and San Diego Sheriff Incidences violated Plaintiff's First Amendment rights per freedom of speech – unlawful detainment prohibited Plaintiff from Tweeting about incidences.

29. **Pretext exists in above entitled action**.

 **The Function of Pretext under *McDonnell Douglas***

12 The question of pretext arises only in the third and final step of the *McDonnell Douglas* inquiry, after the plaintiff has successfully established a prima facie case of discrimination and the employer has successfully articulated a legitimate, nondiscriminatory reason for the termination. *Young v. Dillon Cos., Inc.,* 468 F.3d 1243, 1249 (10th Cir.2006). At this point, the presumption of discrimination created by the plaintiff's prima facie case "simply drops out of the picture," *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), and "[t]he plaintiff then carries the full burden of persuasion to show that the defendant discriminated on the illegal basis of ... gender." *Bryant, 432 F.3d at 1125.*

34 Since a plaintiff utilizing the *McDonnell Douglas* framework normally cannot provide direct evidence of discrimination, a pretext

argument provides a method of satisfying this burden by allowing the

factfinder "to infer the ultimate fact of discrimination from the

falsity of the employer's explanation." *Reeves v. Sanderson Plumbing*

*Prods., Inc.,* 530 U.S. 133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105

(2000). A plaintiff shows pretext by demonstrating "such weaknesses,

implausibilities, inconsistencies, incoherencies, or contradictions

in the employer's proffered legitimate reasons for its action that a

reasonable factfinder could rationally find them unworthy of

credence" and hence infer that the employer did not act for the

asserted nondiscriminatory reasons. *Plotke,* 405 F.3d at 1102 (quoting

*Morgan v. Hilti, Inc.,* 108 F.3d 1319, 1323 (10th Cir.1997)).

567 One typical method for a plaintiff to prove pretext is by

providing direct "evidence that the defendant's stated reason for the

adverse employment action was false." *Kendrick,* 220 F.3d at 1230.

Another common method is a differential treatment argument, in which

the plaintiff demonstrates that the employer "treated [the plaintiff]

differently from other similarly-situated employees who violated work

rules of comparable seriousness" in order *1168 to show that the

employer failed to follow typical company practice in its treatment

of the plaintiff. *Id.* Evidence of pretext may also take a variety of

other forms. "[A plaintiff] may not be forced to pursue any

particular means of demonstrating that [a defendant's] stated reasons

are pretextual." *Id.* (quoting *Patterson v. McLean Credit Union,* 491

U.S. 164, 187-88, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989)).

89 However the plaintiff may choose to demonstrate pretext, we have definitively rejected a "pretext plus" standard; in order to survive summary judgment, a plaintiff generally need not provide affirmative evidence of discrimination beyond the prima facie case and evidence that the employer's proffered explanation is pretextual. *Jaramillo v. Colo. Judicial Dep't,* 427 F.3d 1303, 1312 (10th Cir.2005); *see also Doebele v. Sprint/United Mgmt. Co.,* 342 F.3d 1117, 1135-36 (10th Cir.2003) ("The plaintiff need not show both that the defendant's reasons were a pretext *and* that the real reason was discrimination-the fact of pretext alone may allow the inference of discrimination."). We do not always require actual evidence of discrimination because, "[i]n appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose.... Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision." *Reeves,* 530 U.S. at 147, 120 S.Ct. 2097.[9]

101112 However, it is not *always* permissible for the factfinder to infer discrimination from evidence that the employer's explanation is unworthy of belief. "[I]f the record conclusively revealed some other, nondiscriminatory reason for the employer's [adverse employment] decision, or if the plaintiff created only a weak issue

of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred," the fact that the employer's explanation was unworthy of belief would no longer be sufficient to create an inference of discrimination. *Id.* at 148, 120 S.Ct. 2097. The same reasoning applies to a plaintiff's attempts to show pretext through evidence of differential treatment; if the employer's differential treatment of similarly-situated employees is "trivial or accidental or explained by a nondiscriminatory motive," such treatment is insufficient to create an inference of discrimination. *Kendrick,* 220 F.3d at 1232.

13 This exception to the general rule against "pretext plus" makes sense because the falsity of an employer's proffered explanation, or the existence of differential treatment, defeats summary judgment only if it could reasonably lead the trier of fact to infer a discriminatory motive; where the evidence of pretext supports only nondiscriminatory motives, such an inference is logically precluded and summary judgment for the employer is appropriate. *See Miller v. Eby Realty Group LLC,* 396 F.3d 1105, 1111 (10th Cir.2005) ("In drawing such inference [of unlawful discrimination], the factfinder must be able to conclude, based on a preponderance of the evidence, that discrimination was a determinative factor in the employer's actions–simply disbelieving the employer is insufficient.").

*1169 In determining whether a plaintiff's evidence of pretext is sufficient to permit an inference of discrimination and thereby avoid summary judgment, the Supreme Court has noted relevant factors "includ[ing] the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered" on a motion for summary judgment. *Reeves,* 530 U.S. at 148-49, 120 S.Ct. 2097. In addition, this court has held that evidence foreclosing a rational factfinder from inferring a discriminatory motive may originate from either the plaintiff or the defendant. For example, we have held that when a plaintiff's evidence supports a nondiscriminatory motive for the employer's action and the plaintiff presents no evidence to undermine that motive, summary judgment for the employer is appropriate. *Neal v. Roche,* 349 F.3d 1246, 1252 (10th Cir.2003) ("[I]t is enough [to grant summary judgment for the employer] if the plaintiff concedes a hidden motivation which the court concludes is nondiscriminatory ...." (emphasis omitted)); *Marx v. Schnuck Markets, Inc.,* 76 F.3d 324, 328 (10th Cir.1996) ("[I]f a civil rights plaintiff concedes that the real reason for the employer's action was a motive not prohibited under the civil rights laws, such a concession mandates granting of summary judgment to the employer." (citation omitted)); *see also Randle v. City of Aurora,* 69 F.3d 441, 451 n. 14 (10th Cir.1995) ("[T]he plaintiff's concession of a lawful motive would

take the issue of motive from the jury and preclude the inference of a discriminatory motive....". We have also upheld summary judgment for the employer based on the employer's own alternative, nondiscriminatory explanations, so long as they remain unrebutted and the employer's credibility has not been so damaged as to render such explanations suspect. *See Jaramillo, 427 F.3d at 1309-10* ("[A]s a general rule, an employee must proffer evidence that shows each of the employer's justifications are pretextual.") (quoting *Tyler v. Re/Max Mountain States, 232 F.3d 808, 814 (10th Cir.2000)*).

Thus, with these considerations in mind, we proceed to consider Swackhammer's evidence that Sprint's explanation for her termination was pretextual.

## JURY DEMANDED

30. Plaintiff, hereby request a trial by jury, pursuant to California Code Civ Proc § 631 and Rule 38 of the Federal Rules of Civil Procedure. 7th Amendment

## PRAYER FOR RELIEF

31. Plaintiff request that this Court find in its favor and against Defendant, and that this Court grant Plaintiff the following relief:

a. Enter judgment for Plaintiff; Plaintiff establishes elements 1-24; a presumption of discrimination exists – ask that Defendants produce evidence of legitimate, nondiscriminatory reasons for adverse hiring actions. Plaintiff prays Judge and jury will determine Plaintiff as

1   prevailing party and award monetary damages for $10,237,000.00
2   million.
3
4
5
6                                   Respectfully Submitted,
7
8
                                    Dated this    day of August, 2016
9                                   At Santa Barbara County Law
                                    Library, Jeremiah W. Balik, Pro
10                                  Per

11  **EXHIBITS IN SEPARATE FILING**

12
13  32. JURAT -A notary public or other officer completing this
14  certificate verifies only the identity of the individual, who signed
15  the document to which this certificate is attached, and not the
16  truthfulness, accuracy, or validity of that document.
17  State of California
18  County of Santa Barbara
19  Subscribed and sworn to (or affirmed) before mo on this 19th day
20  of July
21  20 16 by - Jeremiah W. Balik -
22  proved to me on the basis of satisfactory evidence to be the
23  person(s) who appeared before me.
24
25  _____    (Seal)
26  Signature
27                                   ROYA ASNAASHARI
                                     Notary Public - California
28                                   Santa Barbara County
                                     Commission # 1996377
                                     My Comm. Expires Oct 30, 2016

IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

THE STATE OF IOWA,

Plaintiff,

Criminal Case No. **SMCR197928**

vs.

**Jeremiah William Bahk**

Defendant.

PIN/SSN  **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**

RECORD OF INITIAL APPEARANCE
OF DEFENDANT CHARGED WITH **June 23rd 10:30**
SIMPLE MISDEMEANOR

The defendant appeared before the undersigned, having been arrested under the (authority of a warrant) (without a warrant)

for the offense(s) of:  **Harassment 3rd**

(If the arrest was without a warrant, complete the following)
A complaint was filed and a copy was given to the defendant. From the complaint or affidavits filed therewith or from the oral statements under oath of the arresting officer or other person, it is initially determined that there is probable cause to believe that an offense has been committed and the defendant committed it.

(The following shall be completed in all cases)
The charge was read to the defendant and he/she was given a copy. The defendant was asked whether he/she was charged under his/her right name and the defendant:

☒ acknowledged that he/she was charged under his/her correct name
☐ objected that he/she was wrongly named and gave his/her right name as
☐ refused to give his/her correct name or did not object that he/she was wrongly named

The Court informed the defendant of the defendant's right to counsel; the circumstances, under which the defendant might secure pretrial release, and the right to review any conditions imposed on his/her release; and that the defendant is not required to make a statement and that if he/she does, it may be used against him/her.

**RIGHT TO COUNSEL:**

☐ The State/City requests jail time. Upon establishing eligibility as required by Section 815.9, Iowa Code, IT IS HEREBY ORDERED that the Public Defender's office; 304 First National Building (4th & Sycamore Street) (319) 291-2535 is appointed to represent the defendant at public expense.
   A.) Financial Affidavit must be filled out by the defendant to determine if he/she qualifies under that program.
      1.) Defendant is incarcerated - jail personnel to assist.
      2.) Defendant is released - Defendant to contact Clerk of Court.
☒ Defendant stated he/she will employ  **Private Counsel**  to represent him/her.
☐ Defendant states he/she does not desire counsel, and waives his/her right to be represented by counsel.

**PLEA:** ☒ OPTION A.  Defendant pleas NOT GUILTY. Trial is scheduled for the ____ day of _____, 20____, at ____ .m.
OPTION B.  This case shall be set for _____ hearing/Rocket Docket on the ____ day of _____, 20____ at ____
____ .m.
OPTION C.  Defendant requested time to plead. Arraignment is continued to the ____ day of _____, 20____ at ____
____ .m.
OPTION D.  Defendant entered a plea of GUILTY to _____ and is fined $ _____ plus surcharge
of $ _____ plus Court costs of $ _____ Fine and Court costs are to be paid by _____ or by installment
payments of $ _____ per _____ starting _____ .
OPTION E.  Restitution to _____ by _____ . Defendant to provide proof of restitution to the Court.
OTHER SENTENCE: _____

Defendant was advised or his/her right to appeal bond on appeal set at $ _____
ADDRESS; Defendant states his/her mailing address is:  **5931 Muirfield Dr #4**  and his/her
telephone number is  **(310) 892-3634**      **Ceder Rapids Ia 52404**

**CONDITIONS OF RELEASE PENDING TRIAL OR ARRAIGNMNET:**
☐ Bail is set in the sum of $ _____
☒ Defendant is Ordered released to Pretrial Services or on a Written Promise to Appear.

DATED this  **38th**  day of  **April**  , 20 **14**

_____
JUDGE/MAGISTRATE

Copies to: White–Clerk; Yellow–Defendant;

If you need assistance to participate in court due to a disability, call the disability coordinator at (319) 833-3332. Persons who are hearing or speech impaired may call Relay Iowa TTY at 1-800-735-2942. **Disability coordinators cannot provide legal advice.**

You can review the status of your case online at www.iowacourtsonline.org

**319-833-3331**

MATT PARROTT/STONEY KENWORTHY  1312.16-5

# BEECHER, FIELD, WALKER, MORRIS, HOFFMAN & JOHNSON, P.C.

### LAWYERS

HUGH M. FIELD
JOHN R. WALKER, JR.
RICHARD R. MORRIS
THERESA E. HOFFMAN
ERIC W. JOHNSON
KEVIN D. AHRENHOLZ
D. RAYMOND WALTON
JOHN J. WOOD
ADNAN MAHMUTAGIC
COREY R. LORENZEN
KATE B. MITCHELL
KIRSTEN N. ARNOLD
STEPHEN P. SKRAM

COURT SQUARE BUILDING - SUITE 300
620 LAFAYETTE STREET
P.O. BOX 178
WATERLOO, IOWA 50704
TELEPHONE: (319) 234-1766
FAX: (319) 234-1225

www.beecherlaw.com

W. LOUIS BEECHER (1921-2012)
W.L. BEECHER (1891-1976)
JOHN W. RATHERT (1932-2010)

BRANCH OFFICES–BY APPOINTMENT

508 N. HWY 218
LA PORTE CITY, IOWA 50651
TELEPHONE: 319/342-4095

April 22, 2014

*Sent via certified mail*

Jeremiah Balik
4931 Muirfield Drive SW #4
Cedar Rapids, IA 52404

**RE:    *Next Generation Wireless/Nicole Knebel, Director of Sales***
**       *Cedar Falls Police Dept. Incident No. 14-37725***

Dear Mr. Balik:

This office represents Next Generation Wireless and its associates in connection with their employment with the NGW companies. It has been brought to our attention that you have been contacted by Officer Jon Gerzema of the Cedar Falls Police Department concerning harassing conduct and intimidating behavior directed at NGW and specifically its Director of Sales, Nicole Knebel.

This letter should serve as a formal request on behalf of NGW and any of its employees that you cease and desist all communication with Next Generation Wireless, Nicole Knebel, or any of its employees immediately. Any further communication from you, in any form, directed at any of the employees or associates of Next Generation Wireless will result in a formal complaint that you be charged with harassment and/or a civil suit against you for injunctive relief. This request for a cease and desist of any and all communications from you encompasses all Next Generation Wireless locations including but not limited to those in the State of Iowa or elsewhere.

Sincerely,

John J. Wood
for BEECHER, FIELD, WALKER,
MORRIS, HOFFMAN & JOHNSON, P.C.

JJW/smo
cc: Officer J. Gerzema, CFPD
    Amy Larsen, PHR/HR Manager

✦ *Established in 1918* ✦



**NEXT GENERATION**
W I R E L E S S
P.O. Box 188 • Cedar Falls, IA 50613

March 13, 2014

Jeremiah Balik
5931 Muirfield Drive SW #4
Cedar Rapids, IA 52404

Dear Jeremiah,

We appreciate you submitting your resume and supporting information for our Business Account Executive position.

Although we appreciate your interest in Next Generation Wireless, we are continuing the process with other candidates we believe have the knowledge and experience to accomplish the goals we have outlined for our company.

We are certain you will find a position which suits your strengths and believe you have a great deal to contribute. Please accept our best wishes for your future.

Sincerely,

Amy Larsen, PHR
Human Resources Manager
Next Generation Wireless



SUBP-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY *Name, State Bar number, and address:* | FOR COURT USE ONLY |
|---|---|

JEREMIAH W. BALIK
223 WILSHIRE BLVD # 777
SANTA MONICA, CA 90403

TELEPHONE NO. 424-280-2981   FAX NO. 805-642-7177
E-MAIL ADDRESS: shteren.entertainment@gmail.com
ATTORNEY FOR *(Name)*: PLAINTIFF IN PROPRIA PERSONA

NAME OF COURT: SANTA BARBARA SUPERIOR COURT
STREET ADDRESS: 1100 ANA CAPA STREET
MAILING ADDRESS: DEPT 1 HON HERMAN
CITY AND ZIP CODE: SANTA BARBARA, CA 93101
BRANCH NAME: ANACAPA DIVISION

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY OF SANTA BARBARA

JUN 30 2016

Darrel E. Parker, Executive Officer
BY _____
Sarah Sisto, Deputy Clerk

PLAINTIFF/PETITIONER: JEREMIAH W. BALIK

DEFENDANT/RESPONDENT: HALF MOON HOTEL (ASTHA HOSPITALITY, LLC)

| CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION | CASE NUMBER Service Questionable 15cv02604 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number if known)*:
MAYOR RAHM EMANUEL (Twitter handle @chicagosmayor) 312-744-5000
1 N. LASALLE STREET, Chicago City Hall, 4th Floor Chicago, IL 60602

1. YOU ARE ORDERED TO APPEAR AS A WITNESS in this action at the date, time, and place shown in the box below UNLESS your appearance is excused as indicated in box 3b below or you make an agreement with the person named in item 4 below.

a. Date: JULY 13TH, 2016   Time: 11:30 AM   ☒ Dept. 1   ☒ Div. CIVIL   ☒ Room: 1
b. Address: SBSC 1100 ANACAPA STREET, DEPT 1, SANTA BARBARA, CA 93101

2. IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.

3. YOU ARE *(item a or b must be checked)*:

a. ____ Ordered to appear in person and to produce the records described in the declaration on page two or the attached declaration or affidavit. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

b. ☒ Not required to appear in person if you produce (i) the records described in the declaration on page two or the attached declaration or affidavit and (ii) a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose the original declaration of the custodian with the records. Seal the envelope. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number; your name; and the date, time, and place from item 1 in the box above. (3) Place this first envelope in an outer envelope, seal it, and mail it to the clerk of the court at the address in item 1. (4) Mail a copy of your declaration to the attorney or party listed at the top of this form.

4. IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE YOU ARE TO APPEAR, OR IF YOU WANT TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE TO APPEAR:
a. Name of subpoenaing party or attorney: JEREMIAH W. BALIK   b. Telephone number: 424-280-2981

5. Witness Fees: You are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you request them at the time of service. You may request them before your scheduled appearance from the person named in item 4.

DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.

Date issued: June 30, 2016

M. MURPHY
TYPE OR PRINT NAME

► _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Judicial Assistant
TITLE

Declaration in support of subpoena on reverse
Page 1 of 3

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-002 [Rev. January...]

CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION

Code of Civil Procedure §§ 1985-1997
Legal
Solutions
⊕ Plus

SUBP-002

| | CASE NUMBER: |
|---|---|
| 'EREMIAH BALIK<br>F MOON HOTEL | 15CV02604 |

**...RVICE OF CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of ...ts, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION**

...UBPOENA (DUCES TECUM) by personally delivering a copy to the person served as follows:

**MAYOR RAHM EMANUEL**

...th:       **MARION LINTON - DEPUTY CLERK & AUTHORIZED TO ACCEPT ON HIS BEHALF**

where served:       121 N. LASALLE STREET, 4TH FLOOR
                    CHICAGO, IL 60602

Hearing Date: 7/13/2016
Hearing Time: 11:30 AM
Room:
Dept/Div: 1

...te of delivery:       7/1/2016

...J. Time of delivery:       10:05 AM

e. Witness fees:

(1) ☐   Witness fees were paid.
        Amount:........$.00

(2) ☐   Copying fees were paid..
        Amount:........$.00

f. Fee for Service:.....................................$ .00

2. I received this subpoena for service on *(date):* 6/30/2016

3. Person serving:

a. ☐ Not a registered California Process Server.

b. ☐ California sheriff or marshal.

c. ☐ Registered California process server.

d. ☑ Employee or independent contractor of a registered California process server.

e. ☐ Exempt from registration under Business and Professions Code section 22350(b).

f. ☐ Registered professional photocopier.

g. ☐ Exempt from registration under Business and Professions Code section 22451.

h. Name, address, and telephone number and, if applicable, county of registration and number:



KURT SEDERMAN
Phone: (213) 483-4900
Direct Legal Support, Inc.
1614 W. Temple Street
Los Angeles, CA 90026

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7/5/2016

*Kurt Sederman*
KURT SEDERMAN

---

**CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION**

Order#: 8196/SUB2

SUBP-002

| Y OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| EMIAH W. BALIK<br>23 WILSHIRE BLVD #777<br>ANTA MONICA, CA 90403 | |

TELEPHONE NO (424) 280-2981    FAX NO 805-642-7177
E-MAIL ADDRESS Shterenentertainmentegmail.com
ATTORNEY FOR (Name): PLAINTIFF, IN PROPRIA PERSONA

NAME OF COURT SANTA BARBARA SUPERIOR COURT
STREET ADDRESS 1100 ANACAPA STREET
MAILING ADDRESS DEPT I, HON HERMAN
CITY AND ZIP CODE SANTA BARBARA, CA 93101
BRANCH NAME ANACAPA DIVISION

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA

JUL 01 2016

Darrel E. Parker, Executive Officer

BY _____
Terri Chavez, Deputy Clerk

PLAINTIFF/ PETITIONER: JEREMIAH WILLIAM BALIK

DEFENDANT/ RESPONDENT: HALF MOON HOTEL (ASTHA HOSPITALITY, LLC)

| CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION | CASE NUMBER:<br>15cv02604 45228630 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO (name, address, and telephone number of witness, if known): bits, thomas@mail.house.gov

US Congressman FRED Upton 2183 Rayburn House office Building Washington DC 20515 (202) 225-3761 or cell (269) 983-1323

1. YOU ARE ORDERED TO APPEAR AS A WITNESS in this action at the date, time, and place shown in the box below UNLESS your appearance is excused as indicated in box 3b below or you make an agreement with the person named in item 4 below.

| a. Date: JULY 13TH, 2016 | Time: 11:30AM | ☒ Dept.: 1 | ☒ Div.: CIVIL | ☒ Room: 1 |
|---|---|---|---|---|
| b. Address: SBSC 1100 ANACAPA STREET, DEPT 1, SANTA BARBARA, CA 93101 | | | | |

2. IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.

3. YOU ARE (item a or b must be checked):
   a. ☐ Ordered to appear in person and to produce the records described in the declaration on page two or the attached declaration or affidavit. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.
   b. ☒ Not required to appear in person if you produce (i) the records described in the declaration on page two or the attached declaration or affidavit and (ii) a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose the original declaration of the custodian with the records. Seal the envelope. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number; your name; and the date, time, and place from item 1 in the box above. (3) Place this first envelope in an outer envelope, seal it, and mail it to the clerk of the court at the address in item 1. (4) Mail a copy of your declaration to the attorney or party listed at the top of this

4. IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE YOU ARE TO APPEAR, OR IF YOU WANT TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE TO APPEAR:
   a. Name of subpoenaing party or attorney: JEREMIAH W. BALIK    b. Telephone number: 424-280-2981

5. Witness Fees: You are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you request them at the time of service. You may request them before your scheduled appearance from the person named in item 4.

DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.

Date issued: June 22, 2016

M. MURPHY
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Judicial Assistant
(TITLE)

(Declaration in support of subpoena on reverse)

Page 1 of 3

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-002 (Rev. January 1, 2012)

CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION

Code of Civil Procedure,
§ 1985 et seq.
Legal
Solutions
Plus

REPLY TO:

☐ 135 HART SENATE OFFICE BUILDING
WASHINGTON, DC 20510-1501
(202) 224-3744
e-mail: grassley.senate.gov/contact.cfm

☐ 721 FEDERAL BUILDING
210 WALNUT STREET
DES MOINES, IA 50309-2140
(515) 288-1145

☐ 111 7TH AVENUE, SE, BOX 13
SUITE 6800
CEDAR RAPIDS, IA 52401-2101
(319) 363-6832

# United States Senate

CHARLES E. GRASSLEY

WASHINGTON, DC 20510-1501

REPLY TO:

☐ 103 FEDERAL COURTHOUSE BUILDING
320 6TH STREET
SIOUX CITY, IA 51101-1244
(712) 233-1860

☐ 210 WATERLOO BUILDING
531 COMMERCIAL STREET
WATERLOO, IA 50701-5497
(319) 232-6657

☐ 201 WEST 2ND STREET
SUITE 720
DAVENPORT, IA 52801-1817
(563) 322-4331

☐ 307 FEDERAL BUILDING
8 SOUTH 6TH STREET
COUNCIL BLUFFS, IA 51501-4204
(712) 322-7103

April 16, 2014

Mr. Jeremiah Balik
5931 Muirfield Drive SW
Apartment #4
Cedar Rapids, Iowa 52404-7372

Dear Mr. Balik:

Thank you very much for your information regarding the parcel that you mailed with the United States Postal Service.  I am glad to have the benefit of the details of your particular case.

In order to be more responsive to your concerns, I have taken the liberty of contacting the United States Postal Service with regard to this matter.  I will be back in touch with you as soon as the response is received in my office.

Thank you again for your information.

Sincerely,

Chuck Grassley

Charles E. Grassley
United States Senator

CEG/ZB

Mayor Rahm Emanuel, via a surrogate
stole my mail. Rep Upton has also tampered
with mail.

RANKING MEMBER,
JUDICIARY

Committee Assignments:

AGRICULTURE
BUDGET
FINANCE

CO-CHAIR
INTERNATIONAL
CONTROL C

FEINSTEIN
CALIFORNIA

SELECT COMMITTEE ON
INTELLIGENCE—VICE CHAIRMAN
COMMITTEE ON APPROPRIATIONS
COMMITTEE ON THE JUDICIARY
COMMITTEE ON RULES AND
ADMINISTRATION

# United States Senate

WASHINGTON, DC 20510-0504

http://feinstein.senate.gov

May 25, 2016

Mr. Jeremiah Balik
1223 Wilshire Blvd, # 777
Santa Monica, California 90403

Dear Mr. Balik:

Just a brief note to let you know I received your recent correspondence. I am always glad to hear your thoughts and ideas.

Thank you for contacting me again with your concerns.

With warmest personal regards.

Sincerely,

Dianne Feinstein
United States Senator

DF:be

→ Helped with U.S. Marshals / Process Service Issue.

FRESNO OFFICE:
2500 TULARE STREET
SUITE 4290
FRESNO, CA 93721
(559) 485-7430

LOS ANGELES OFFICE:
11111 SANTA MONICA BOULEVARD
SUITE 915
LOS ANGELES, CA 90025
(310) 914-7300

SAN DIEGO OFFICE:
880 FRONT STREET
SUITE 4236
SAN DIEGO, CA 92101
(619) 231-9712

SAN FRANCISCO OFFICE:
ONE POST STREET
SUITE 2450
SAN FRANCISCO, CA 94104
(415) 393-0707



## CITY OF SAN JOSÉ, CALIFORNIA

201 W. MISSION STREET
P.O. BOX 270
SAN JOSE CA 95103-0270
(408) 277- 4212

CHIEF OF POLICE
Edgardo Garcia

May 2, 2016

Mr. Jeremiah Balik
1223 Willshire Blvd 777
Santa Monica, CA 90403

RE: Request for Summary of Complaint Statement

Dear Mr. Balik:

As per your request, included herein is a copy of your complaint summary.

Complaint Summary for IA case number I2016-0098:

Mr. Jeremiah William Balik went to the Internal Affairs Unit on 05/02/2016 and filed a complaint against Officer Enterline #3821, Officer Kirby #3817 and Sergeant Jackson #3133. Mr. Balik said SJPD officers were working in conspiracy with Chicago Mayor Rhan Emanuel and Michigan U.S. Congressman Fred Upton to find out where he was at and to work as a "deterrent." Mr. Balik complained the officers "unlawfully patrolled" based upon the conspiracy. Mr. Balik complained he was unlawfully detained and unlawfully searched by Officer Enterline. Mr. Balik complained his vehicle was unlawfully searched by Officer Kirby.

The San Jose Police Department encourages members of the community to bring us any concerns they have about the service we provide. Your input is important and will assist us in providing better services to the community. Thank you for taking the time to bring this matter to our attention. If you have any questions, you may contact me at 408-277-4094.

Sincerely,

Officer Mark Mabanag #3446
Internal Affairs Unit

LAW OFFICES

# ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

A PROFESSIONAL CORPORATION

PO BOX 481

SANTA CRUZ, CALIFORNIA 95061-0481

WEBSITE: WWW.ABC-LAW.COM

JOHN G. BARISONE
ANTHONY P. CONDOTTI
GEORGE J. KOVACEVICH
BARBARA H. CHOI
LAUREN C. VALK
CASSIE M. BRONSON
REED W. GALLOGLY
HEATHER J. LENHARDT

TELEPHONE: (831) 423-8383
FAX: (831) 576-2269
EMAIL: ADMIN@ABC-LAW.COM

July 13, 2016

Hon. James E. Herman
Superior Court of California
County of Santa Barbara
1100 Anacapa Street
P.O. Box 21107
Santa Barbara, CA 93121-1107

Re:     ***Balik v. Half Moon Hotel, et al.***
        **Case No. 15CV02604**

Dear Judge Herman,

My office serves as the City Attorney for the City of Santa Cruz and represents Santa Cruz
Police Chief, Kevin Vogel. Recently, my office learned of plaintiff, Jeremiah Balik's motion to
compel testimony of Police Chief Kevin Vogel at a deposition that is to be heard on July 20,
2016 in Department 1.

Police Chief Vogel is not a party to this action and is in no way involved in the above-referenced
action. He was also never served with the deposition subpoena. I filed an opposition to this
motion to compel on behalf of Police Chief Vogel stating the multiple grounds supporting denial
of this motion.

Unfortunately, I will not be able to attend the hearing on this motion in person or by phone, as I
will be out of state on that date. Thus, I would like to request that this Court confirm that my
appearance at the court hearing is not needed, and otherwise excuse my absence at the hearing.

Sincerely,

Barbara H. Choi

cc:     Plaintiff, Jeremiah Balik (via U.S. Mail)
        Defendants' counsel, Frank A. Weiser, Esq. (via U.S. Mail)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 118 East Figueroa<br>CITY AND ZIP CODE: Santa Barbara, California 93101<br>BRANCH NAME: Figueroa Division | |

| PLAINTIFF: People of the State of California | |
|---|---|
| DEFENDANT: Jeremiah William Balik<br>10800 Olson Dr 212<br>RNCHO CORDOVA, CA 95670 | |

| PLEA AND NOTICE OF COURT TRIAL (CVC 40519) | CASE NUMBER: S228630 |
|---|---|

☒ I hereby enter a plea of "NOT GUILTY" to the violations(s): **IVC4152.5   IVC4000.4**   Cite File Date: 06/09/16

*Defendant was within rights — had a registered LLC 134054825 — per Wisconsin Reg.*

which are infraction(s) charged against me and request a Court Trial. *+ tickets was retaliatory Def issued*
*subpoena to Deputy Chief Gross of Santa Barbra*
By submitting a written plea, you are deemed to have waived the right to be tried within the statutory period. *county sheriffs i*
*on 31MAY16*
I promise to appear at the Court Trial. I understand that if I fail to appear at my court trial it may result in one or more of the following: I may be found guilty in absentia and sentenced at the trial, my cash bail, if posted, may be forfeited, a warrant for my arrest may be issued, and/or a civil assessment may be imposed.

NOTICE OF TRIAL BY TEMPORARY JUDGE: Traffic trials may be heard by a temporary judge. The temporary judge is a qualified member of the State Bar appointed by the Presiding Judge of the Superior Court. You have the right to have your trial heard by a judge of the Superior Court. You are agreeing your trial may be heard by a temporary judge unless you indicate that you do not agree by checking the box below.

☐ I do not agree that my case may be tried by a temporary judge under California Rule of Court 2.816.

*1223 WILSHIRE BLVD #777 SANTA Monica, CA   90403*
Street Address _____ City _____ State ___ Zip
*10 JUN 16* _____ Signature _____ *424-280-2981*
Date _____ Signature _____ Phone Number

**Note:**
1. If you have witnesses, you must arrange for their appearance at the trial. If your witnesses will not appear willingly, you may have the court issue a subpoena to ensure their appearance. Affidavits from witnesses are not acceptable.
2. If you have exhibits, you must bring them with you on the trial date.
3. If you wish to have an attorney, he/she must appear with you on the trial date and be prepared to proceed.
4. If an interpreter is required, indicate the language here:_____

**COURT TRIAL RE-SETTING POLICY**

Each party may have one re-setting of a court trial, if necessary, provided that time requirements are waived above. A request for a re-set must be received in the clerk's office no later than then (10) calendar days **prior** to the court trial date. A request may be made in person or in writing, and the trial date will be reset within 60 days of the previous court trial date. **Requests for re-set that are not made on time will be automatically denied.**

*DO NOT WRITE BELOW THIS LINE - FOR COURT USE ONLY*

**NOTICE OF COURT TRIAL DATE**

Court Trial Date: 07/12/16   Time: 1:30 pm   Dept: SB3   in the Court listed above.

Notice sent to Officer: Scherbarth, Michael   Agency: SBSO   Date of Citation: 05/31/16

Notice sent to Officer: _____   Agency: _____   Date of Citation: 05/31/16

Dated: *6-10-16*

Darrel E. Parker Executive Officer

By _____, Deputy

SC-8003NB [Rev. July 2015]         PLEA AND NOTICE OF COURT TRIAL         CVC 40519



# Superior Court of California, County of Santa Clara

## Santa Clara Courthouse

Street Address:   1095 Homestead Road
Santa Clara, CA  95050

Mailing Address:   191 N. 1st Street
San Jose, CA  95113

## COURTESY NOTICE

April 8, 2016

Failure to respond to this notice by the date due may result in your bail being increased, a $300 Civil Assessment being imposed pursuant to Penal Code Section 1214.1, a hold/suspension being placed on your driver's license pursuant to Vehicle Code Section 40509.5, and/or a warrant being issued for your arrest. Your failure to appear may be deemed your consent to Trial by Written Declaration (in absentia) pursuant to Vehicle Code Section 40903, thereby waiving your right to be present at trial, to testify and/or present evidence on your behalf, to be represented by an attorney, to confront and cross-examine the witnesses against you, and to use the subpoena power of the court to compel the attendance of witnesses on your behalf.

**JEREMIAH WILLIAM BALIK**
**1223 WILSHIRE BLVD 777**
**SANTA MONICA, CA  90403**

\*7-16-TR-484154\*
\*7-16-TR-484154\*
\*7-16-TR-484154\*

| | |
|---|---|
| Case Number: | 7-16-TR-484154 |
| Citation Number: | K361528 |
| Violation Date: | February 12, 2016 |
| Violation Code: | 1 VC-22101D-I |

**DATE DUE: May 16, 2016**

Payment can be made in person, by mail, or your case may be eligible for payment through the internet at https://www.paybill.com/sccsuperiorcourt or by calling the credit card interactive telephone system at (866)923-2732. Additional convenience fee will be charged.

**Make checks payable to "Clerk – Superior Court".** Include our Case Number on your payment or any correspondence. PLEASE MAKE PAYMENT IN U.S. CURRENCY. DO NOT MAIL CASH.

*For more specific information, you may now access your case from the "Public Access Case Information Site"*
*www.sccaseinfo.org or visit http://www.scscourt.org/ (408)556-3000.*

*Hours of Operation:* MONDAY – FRIDAY 8:30 AM – 3:00 PM

**Please read all information and select ONE option to clear your citation by the Date Due.**
**Return this Courtesy Notice with your payment and your selected option.**

☐ **PROOF OF CORRECTION:**
Specific instructions for obtaining proof of correction for correctable violations are on the back of your citation. Have the violation(s) corrected and signed off by a police officer. Vehicle registration and driver license violations may also be signed off by the DMV or you may present proof to the clerk of the court. VC16028 (insurance) violations can only be dismissed upon proof to the clerk of the court of insurance coverage that was valid on the date of the citation. Your Violation is not eligible for Proof of Correction if N/A is printed in the Amount Due box.

| Amount Due with Proof of Correction |
|---|
| **N/A** |

☐ **TO PAY YOUR TICKET (BAIL FORFEITURE):**
You may pay and close this citation by bail forfeiture with no further action necessary. Upon payment of the "Amount Due", the case is closed and no further action is required. If reportable, the conviction will be forwarded to the DMV. If you are submitting proof of correction on a correctable violation and paying bail forfeiture for another violation, you will pay the **"Amount Due with Proof of Correction"** (see amount in box above). If you choose to bail forfeit on your case, you may be eligible for monthly payments. If eligible, there will be a $35 administrative fee added to the total amount due. Payments must be scheduled in person and you must pay 10% of the total amount due to begin your payment plan.

| Amount Due for Bail Forfeiture |
|---|
| **$ 289.00** |

☐ **REQUEST COURT APPEARANCE:**
Your appearance is: OPTIONAL
To request an Arraignment date without posting bail, you may appear in person at the Clerk's office. You may also mail the "Amount Due for a Court Appearance" and select the hearing type from the two options below to schedule a court appearance by mail. If your appearance is mandatory, you MUST arrange a court appearance date. No other options are available to you and you are not eligible for a Trial by Declaration.
☐ **ARRAIGNMENT** - Appearance to hear your charges, advisement of rights and entry of plea
☐ **COURT TRIAL** - Contest the citation
(Referral to Traffic School after Trial is at the discretion of the Judicial Officer.)

| Amount Due for a Court Appearance |
|---|
| **$ 289.00** |

☐ **TRAFFIC SCHOOL (Traffic School must be attended in the State of California):**
A clerk may grant a request to attend traffic school for an eligible violation if you have not attended for a violation that occurred within 18 months of your present violation and you have a valid driver's license. All correctable or non-moving violations must be cleared and proof returned to the court with your payment. Traffic school information will be given or mailed to you upon receipt of your traffic school payment. If you do not receive your traffic school information within 3 weeks, please contact the Court. There is an additional fee that the school will charge which is separate from the fee you pay the Court. You are not eligible for traffic school if you have a commercial driver's license and you were driving a commercial vehicle when you were cited, or if no amount appears in the "Amount Due for Traffic School" box.
NOTICE: If you are eligible and decide not to attend traffic school, your automobile insurance rates may be adversely affected and your option to attend may be denied if not taken at this time. If you complete a traffic violator school program, one conviction in any 18-month period will remain confidential and the point masked from public view.

| Amount Due for Traffic School |
|---|
| **$ 331.00** |

**COURTESY NOTICE**

*Remaing to Federal*

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA

## TENTATIVE RULING

**Judge James Herman**
**Department 1 SB-Anacapa**
**1100 Anacapa Street P.O. Box 21107 Santa Barbara, CA 93121-1107**

### CIVIL LAW & MOTION

| Jeremiah W. Balik v. Half Moon Hotel, et al |
|---|
| **Case No:** 15CV02604 |
| **Hearing Date:** Wed Jun 15, 2016 9:30 |

**Nature of Proceedings:** Motion Compel Testimony

**TENTATIVE RULING:**      Plaintiff's motion to compel testimony is denied.

In this action, plaintiff Jeremiah W. Balik, a resident of Santa Barbara, seeks monetary damages for property allegedly stolen from his hotel room while a guest at defendant Half Moon Hotel, located at 3958 Sepulveda Boulevard, Culver City, California 90230. Defendant Ken Patel is the owner of the hotel and defendant Frank A. Weiser is Mr. Patel's attorney. Among other claims, plaintiff alleges that his iPhone6 charger was stolen by a staff member of the hotel at the request of Chicago Mayor Rahm Emanuel because Mayor Emanuel was trying to prevent plaintiff from communicating with his girlfriend, Super Model Samantha M. Hoopes. Plaintiff filed his complaint on August 21, 2015. Half Moon Hotel, Mr. Patel, and Mr. Weiser answered the complaint with a general denial on September 25, 2015.

On June 7, 2016, plaintiff filed the within motion entitled "Motion to Compel Testimony" with a hearing date of June 15, 2016, just eight days later. In the motion, plaintiff asks the court to compel the testimony of Robert H. Aaronson, an independent auditor with the Santa Cruz Police Department. Plaintiff claims that Mr. Aaronson has knowledge concerning an incident at Holy Cross Church that implicates Mayor Emanuel in a conspiracy against plaintiff.

Plaintiff's motion will be denied. The motion is defective because there is no proof of service attached to the motion showing that it was served on any of the other parties to the action. Code Civ. Proc. §1013a. The motion also does not provide adequate notice. A motion to compel must be filed and served at least 16 court days before the hearing. Code Civ. Proc. §1005, subd. (b). Eight days' notice is insufficient.

2

MC-030

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Jeremiah W. Balik
1223 Wilshire Blvd
#777
Santa Monica, CA 90403

TELEPHONE NO. 424-280-2981    FAX NO. (Optional): 805-642-7177
E-MAIL ADDRESS (Optional): AngelsCamp3D@gmail.com
ATTORNEY FOR (Name): Plaintiff, In Propria Persona

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

MAR 14 2016

Sherri R. Carter, Executive Officer/Clerk
By: Anabella Figueroa, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Dept 77
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

PLAINTIFF/PETITIONER: Jeremiah W. Balik

DEFENDANT/RESPONDENT: Chocolate Shoppe Ice Cream Company, Inc

**DECLARATION**

CASE NUMBER:
15K05516

On or about Nov 19, 2014 Plaintiff, Jeremiah W. Balik, received email from Defendant. Attached hereto as Exhibit 1 Defendant employee Dominic Martin states "Also, we provide a training session for new customers at one of our Madison retail stores." Plaintiff signed agreement with Defendant in late December 2014 in above captioned case and mailed it via USPS to Dominic on Jan 5th, 2015 Tracking#9505 5111 1484 5005 4953 30
On or about Nov 25, 2014 Plaintiff receives 20-25 pints of super-premium ice cream from Defendant via FedEx. [Note: first sent to San Diego, where Plaintiff was living. Resent to LA - Plantiff relocates to open up first Scoop Shop in Santa Monica - #1 selling market for super premium ice cream] Plaintiff gives Defendants pints samples to then girlfriend Samantha Hoopes\her agent Victor Del Toro at Elite Model Management in BH, Tom Hanks\Playtone Prod Et al, Channing & Jenna Tatum, agent Louise Ward et al at UTA Etc
On or about Nov 26, 2014 Defendant employee Dominic states in email " The only thing left to do in moving forward is to come to Madison to do training". Attached hereto as Exhibit 2. Plaintiff coordinates with then business investor John Smucker [P#301-775-3920 Part of Smucker's Jelly family] in Washington, DC to see if he can attend training/dairy tour in Madison, WI. John cannot attend.
Plaintiff is an OIF Veteran, works with Veteran Business Outreach Center in Sacramento per loans to open up Scoop Shops. Attached hereto as Exhibit 3 Plaintiff drives to Sacto VBOC in early February 2015 to meet with officials. [Plaintiff spoke with Real Estate brokers, had location at 707 Pico Blvd in Santa Monica, CA Defendant approved of location Attached hereto as Exhibit 4]
Plaintiff & Defendant agree to do training/dairy tour on February 23, 2015 in Madison, WI. Plaintiff flies to Milwaukee, then rents Hertz car to drive to Madison, WI. Plaintiff has a great training session and dairy tour. Discusses "Go to Market" strategy. Attached hereto as Exhibit 5 After Madison, WI visit, Plaintiff gets "Radio Silence" from Defendants - [Note: Plaintiff had opportunity to sell Defendants pints in a local LA pizza chain Mulberry Pizza out of Beverly Hills. Plaintiff promised them samples] Plaintiff was harmed by Defendants "Breach of Contract" and is entitled to relief. [Plaintiff alleges "Radio silence" implicates Rep Fred Upton/MI

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 14th 2016

Jeremiah W. Balik
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for ☑ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☐ Other (Specify):



Balik v. Chocolate Shoppe Ice Cream Co., Inc Los Angeles Superior Court {Stanley Mosk} Instant Case#15K05516

www.lacourt.org

Hon. Lu/Orozco Presiding

Dept 77

Kate Upton's Dishonorable Uncle, Rep. Fred Upton is Implicated in case.

[Playtone Prod, Santa Monica, CA, Circa Dec 2015] Tom Hanks, Jeremiah W. Balik & Randy Fechter [Witness]
Twitter handle: @appdriventoys

EXHIBIT 1

COURTESY COPY

JEREMIAH W. BALIK
1223 Wilshire Blvd., #777
Santa Monica, CA 90403
(424) 280-2981 Fax: (805) 642-7177
shtaren.entertainment@gmail.com
https://twitter.com/AppDrivenToys
In Pro Per

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 13 2016

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

JEREMIAH W. BALIK,

    Plaintiff,

    vs.

CHOCOLATE SHOPPE ICE CREAM

COMPANY, INC

    Defendant.

Case No.: 15K05516

ADDITIONAL EVIDENCE - SUBPOENAS OF
US REP FRED UPTON, MAYOR RAHM
EMANUEL, GOV JERRY BROWN AND
DEFENDANT CEO, DAVE DEADMAN &
DISMISSAL PAPERWORK FROM INSTANT
CASE #15cv02604/SBSC
Date: November 8th, 2016
Time: 8:30 AM
Dept: 77 Room 736 Hon Lu/Orozco

Submitting hereto, dismissal paperwork from instant case #15cv02604,
Santa Barbara Superior Court. Plaintiff wants court to note:
Plaintiff is not a "Vexatious Litigant". Plaintiff alleges CCP§391.7
was a negative legal strategy devised against the Plaintiff by Gov.
Jerry Brown. Also submitting hereto, subpoenas of US Congressman Fred
Upton/GOP Chair 6th District of MI, Mayor Rahm Emanuel/Chicago, and
Defendants CEO, Dave Deadman. Plaintiff expects motion for Default
Judgment pursuant to CCP§558 to be granted as a matter of law. [Note:
Summons' proof provided via Twitter Legal]

Respectfully submitted,

Dated this 13th day of July, 2016

Jeremiah W. Balik, Pro Per at
Santa Barbara County Law Library

ADDITIONAL EVIDENCE / SUBPOENA SUBMISSIONS SBSC

# Getting a 'Bigfoot' in the Door

## Reserve petty officer develops film concepts for Hollywood

**By GREGORY KANE**
Northwestern University student

A Navy career and a Hollywood career could seem worlds apart. But AO3 Jeremiah Balk, who enlisted in the Navy Reserve after Sept. 11, 2001, is also aspiring toward success as a Hollywood producer with a movie about the mythical creature Bigfoot, a comedy that has attracted interest from Tom Hanks.

AO3 Balk is a student at Northwestern University. As a reservist he serves with the Atlantic fleet. He has done annual trainings on the USS Harry Truman (CVN-75) and describes his role in the Navy as "support-ing active-duty members in my designated rate. My drill weekends consist of heavy classroom training, getting fully medically ready, helping fellow Sailors and maintain-ing physical fitness levels."

"Balk has received strong interest from production companies and major Hollywood studios for his Bigfoot project entitled "Angels Camp: The Bigfoot Movie," an action-adventure set in a Northern California gold-mining town. Balk describes the movie as a summer blockbuster with heart and hopes for a sale before this summer.

The opportunity to work with Tom Hanks came through a project called "Checkers," which Balk developed with screenwriter Randy Fechter who was an Entertainment Specialist with the U.S. Army. Hanks provided feedback to Fechter after reading the first draft, and later met with Balk to discuss the project at his Playtone Production Company in Los Angeles.

Balk presented Hanks with a USS John F. Kennedy ball cap, a ship he visited dur-ing Fleet Week in New York City. Balk described Hanks as very approachable for a mega-star.

Balk has pursued Hollywood dreams ever since developing a passion for movies in high school. Balk acted in school theater productions at Drake University and contin-ued to pursue an acting career on the side while living in Los Angeles and New York City.

Then, a bit part on the television show "The Pretender" in 1996 sparked a new direction for Balk. "While on the set, I saw how things worked behind the scenes and asked a lot of questions," Balk recalls. "I felt my background and talents were more suited for production work." Balk credits movies like Auxwone Fisher for helping him develop as a producer and a Sailor. "Auxwone Fisher is a great Navy story - his life and movie gave me hope and encour-agement to keep pursuing the desires of my heart in the face of all adversity."

True to its advertising, the Navy has def-initely accelerated his life. Balk credits much of his success to the relationships he continues to cultivate. "It is great to have a sailor that is passionate about his pursuits and works very hard to reach his goals. Great things usually come as a result of hard work, whether in the Navy Reserve or working at your civilian occupation," said Lt. Cmdr. Bill Gerstemeier, Executive Officer, CVNE 1169



## Dropping in

Atlantic Ocean - HM2 Stephen Serio, a member of Explosive Ordnance Disposal Team, Mobile Unit Six (EODMU-6), Detachment 14, fast-ropes in the hangar bay aboard the nuclear-powered aircraft carrier USS Enterprise (CVN 65). Navy photo by PH2 Milosz Reterski



Mensch doing Mitzvahs * Mr. Mark 9:23

#Jeremiah William Balik

The Great Gov. Pat Q

The Great US Sen. Tammy Baldwin

US Sen. Dianne Feinstein

US Sen. Barbara Boxer

US Sen. Mark Kirk

Mayor Emanue

Future Wife, our return
"Defining" ...pes ..."Guy Code"
on MTV

Letter Mayor Eric Garcetti

US Sen. Richard Durbin
Northwestern U Letter o

Letter from Prez. Obama

Gave this to Tom Hanks & Rita Wilson
for XMAS. Chet is now a senior @ NU.

Tom Hanks, Jeremiah Balik & Randy Fechter

Playtone Productions\Santa Monica  Dec '05

Steve P. Jobs
"Known Inventor"
Pat App # 12/659,756

Steve Jobs

or Harry Lennix speaking
outh @ Lawrence Hall.
nor Board)

Blurry pix of Billy Dec, Jeremy Piven
from Piven Theatre Charity event



Blurry pic of Billy Dec, Jeremy Piven from Piven Theatre Charity event

Gave this to Tom Hanks & Rita Wilson <MAS. Chet is now a senior @ NU. [Northwestern U letter]

Rec Letter from Prez. Obama

#Jeremiah William Balik

US Sen. Richard Durbin

Illinois Veterans

Tom Hanks, Jeremiah Balik & Randy Fechter    Playtone Productions\Santa Monica Dec '05

...or Harry Lemnix speaking ...dth @ Lawrence Hall ...nd Board]

Steve Jobs "Known Inventor" Pat App #12/659,756

Mr. Mayor Emanuel    US Sen. Mark Kirk    Great US Sen. Tammy Baldwin    The Great Gov. Pat Quinn

Mensch doing Mitzvahs * Mr. Mark 9:23

US Sen. Barbara Boxer    US Sen. Dianne Feinstein

WISCONSIN'S SAMMY

# CITY OF OAKLAND



DALZIEL BUILDING • 250 FRANK H. OGAWA PLAZA, SUITE C • OAKLAND, CALIFORNIA 94612-2010

Police Department                                    Telephone Device for the Deaf (510) 238-7629
Internal Affairs Division                                 Administrative Section (510) 238-3161
                                                              Investigation Section (510) 238-3161
                                                                          Fax (510) 238-3014

June 24, 2016

Jeremiah Balik
1223 Wilshire Boulevard #777
Santa Monica, CA 90403

**RE: IAD File Number: 16-0125**

Dear Mr. Balik:

You initiated a complaint with the Oakland Police Department (OPD). An investigation into the allegations has been completed. The allegations and investigative findings are listed below:

Administratively Closed – No Manual of Rules Violation – Complainant alleged "Oakland PD has engaged in unlawful patrolling in the past". The complainant has not reasponded to attempts to obtain further information. The complaint lacks specificity and the complainant is unable to provide further clarification necessary to investigate the complaint.

The Department apologizes for any inconvenience this incident may have caused you. Should you have any questions regarding this matter, please telephone me at (510) 238-3161 on any weekday between 9:00 AM – 5:00 PM. You may also file a complaint with the Citizen's Police Review Board. Their telephone number is (510) 238-3159.

Sincerely,

Allan Steinberger
Lieutenant of Police
Internal Affairs Division

AS: md

1  MICHAEL GHIZZONI, COUNTY COUNSEL
MICHELLE MONTEZ, DEPUTY (SBN202989)
2  SCOTT GREENWOOD, DEPUTY (SBN 266256)
COUNTY OF SANTA BARBARA
3  105 E. Anapamu St., Suite 201
Santa Barbara, CA 93101
4  (805) 568-2950 / FAX: (805) 568-2982

5  Attorneys for Santa Barbara Sheriff's Office

6

7

8

9  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10  FOR THE COUNTY OF SANTA BARBARA

11  ANACAPA DIVISION

12

| | |
|---|---|
| JEREMIAH W. BALIK, | Case No: 15cv02604 |
| Plaintiff | |
| v. | **NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA; POINTS AND AUTHORITIES; DECLARATION OF SAMUEL D. GROSS, CHIEF DEPUTY** |
| HALF MOON HOTEL, FRANK WEISER COUNSEL, | Date: June 15, 2016 Time: 9:30 a.m. Dept.: 1 |
| Defendant. | |

21  **PLEASE TAKE NOTICE** that on June 15, 2016 at 9:30 a.m., or as soon

22  thereafter as the matter can be heard, in Department 1 of this Court, located at 1100

23  Anacapa Street, Santa Barbara, California, County of Santa Barbara, on behalf of

24  Samuel D. Gross, Chief Deputy, Santa Barbara Sheriff's Office ("Chief Gross"), will,

25  and hereby do, move the court for an order that the subpoena served by Plaintiff

26  Jeremiah W. Balik ("Plaintiff") in the above entitled action, be quashed.

27  This Motion to Quash is made on the grounds that Plaintiff failed to comply

28

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

1   with procedural requirements, no personal knowledge by Chief Gross and therefore

2   not likely to produce relevant evidence, no compelling reasons set forth to justify

3   subpoena of a high-ranking official, and appearance of harassment.

4       This motion is based upon this Notice, the pleadings, records and papers on

5   file in this action, on such evidence as may be presented at the hearing of the motion,

6   and on the attached Memorandum of Points and Authorities and Declaration of Samuel

7   D. Gross, Chief Deputy.

8

9   Dated:  June 13, 2016                MICHAEL GHIZZONI

                                        COUNTY COUNSEL

10

11                                 By

                                  Michelle Montez

12                                 Deputy County Counsel

                                Attorneys for County of

13                                 Santa Barbara

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# POINTS & AUTHORITIES

## I.

## BACKGROUND

On May 31, 2016, Plaintiff Jeremiah W. Balik ("Plaintiff") served a "Deposition Subpoena for Personal Appearance and Production of Documents and Things" (Exhibit A) (hereinafter referred to as "Subpoena") upon Sheriff's Office Chief Deputy Samuel D. Gross ("Chief Gross") in the above-referenced litigation. The County of Santa Barbara, the Santa Barbara Sheriff's Office, and Chief Gross are not parties to this litigation. It appears that a mandatory settlement conference is scheduled for the same date and time as listed on the Subpoena.

## II.

## ARGUMENT

### A.   Motion to Quash is Authorized

California Code of Civil Procedure § 1987.1 provides that a court may "make an order quashing the subpoena entirely, modifying it, or directing compliance with it upon those terms or conditions as the court shall declare, including protective orders."

### B.   Failure to Comply with Procedural Requirements

Plaintiff's Subpoena is improper because Plaintiff improperly noticed the Subpoena as a Deposition Subpoena as opposed to a Subpoena to compel a non-party's attendance at a trial or hearing. Furthermore, Plaintiff did not remit witness fees to the County pursuant to Government Code § 68097.2. The County is entitled to the "full cost to the public entity incurred in paying the peace officer..." and to a $275 dollar deposit. (Gov. Code § 68097.2 (b).) If the actual expenses exceed that amount,

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

3
Motion to Quash Subpoena

1  the requesting party shall pay that amount to the County.  (Gov. Code § 68097.2 (d).)

2  The County does not waive these witness fees, including mileage.

3  **C.    No Personal Knowledge and Therefore Not Likely to Produce Relevant**

4  **Evidence**

5

6    As evidenced in Chief Gross' Declaration, Chief Gross has no personal

7  knowledge of the events related to the litigation at hand.  (Decl. of Chief Gross, Para.

8  10.) Chief Gross' only knowledge is what Plaintiff relayed by hundreds of emails and

9  one in-person conversation.  Thus, the proposed testimony by Chief Gross would not

10  likely produce relevant evidence.

11

12    The court may quash a subpoena for appearance of a witness at trial, even

13  where the subpoena is valid on its face, where the motion is reasonably made by a

14  witness and the facts justify such an action.  (Code Civ. Proc. § 1987.1.) In *Application*

15  *of Finn*, the California Supreme Court found that the facts justified the trial court's

16  decision to quash a subpoena, which was regular on its face, because subpoenaing

17  party failed to show that the witness could offer relevant testimony and that the

18  witness had personal knowledge of the matters relating to the charges. (*Application of*

19  *Finn* (1960) 54 Cal.2d 807, 813.)   Similar to the witness in *Application of Finn,* the

20  witness subpoenaed here do not have personal knowledge of the matters involved in

21  the instant litigation and could therefore not offer relevant testimony at

22  trial/hearing/deposition.

23

24

25

26

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

27

28

**D.     High-Ranking Public Officials Cannot Be Forced to Appear in Court Absent Compelling Reasons**

In addition, because Chief Gross is a high-ranking public official, his testimony is improper because there is no compelling reason to require his testimony. California courts have consistently held that high-ranking public officials "should not be required to give a deposition in his [or her] official capacity in the absence of 'compelling reasons." (*State Bd. of Pharmacy v. Super. Ct.*, (1978) 78 Cal. App. 3d 641, 644; see also *Civelletti v. Muni. Ct.*, (1981) 116 Cal. App. 3d 105, 110 (1981); and *Nagle v. Super. Ct.*, (1994) 28 Cal. App. 4th 1465.) Thus, a "top governmental official may... only be deposed upon a showing that the information to be gained from such a deposition is not available through any other source." (*Nagle, supra* 28 Cal. App. 4th at 1468.)   Plaintiff has offered no compelling reason to compel the testimony of Chief Gross.

**E.     Appearance of Harassment**

Unless Plaintiff is able to demonstrate a compelling reason  for subpoenaing Chief Gross, it appears that Plaintiff is continuing his course of harassment against Chief Gross.  As evidenced in Chief Gross' declaration, Chief Gross has received 385 emails from Plaintiff in less than a six-month period.  (Decl. of Chief Gross, Para. 8.)

//

//

//

//

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

# III.

## CONCLUSION

For the reasons set forth above, the County of Santa Barbara respectfully requests that the Court quash Petitioner's Subpoena.

Dated: June 13, 2016

MICHAEL GHIZZONI
COUNTY COUNSEL

By
Michelle Montez
Deputy County Counsel
Attorneys for Santa Barbara
Sheriff's Office

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

6

Motion to Quash Subpoena

1  MICHAEL GHIZZONI, COUNTY COUNSEL
   MICHELLE MONTEZ, DEPUTY (SBN 202989)
2  SCOTT GREENWOOD, DEPUTY (SBN 266256)
   COUNTY OF SANTA BARBARA
3  105 E. Anapamu St., Suite 201
   Santa Barbara, CA  93101
4  (805) 568-2950 / FAX:  (805) 568-2982

5  Attorneys for Santa Barbara Sheriff's Office

6

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               FOR THE COUNTY OF SANTA BARBARA

                      ANACAPA DIVISION
11

12

13  JEREMIAH W. BALIK,              Case No:  15cv02604

14        Plaintiff

15  v.                             **DECLARATION OF SAMUEL D.
                                   GROSS, CHIEF DEPUTY, IN
16                                 SUPPORT OF MOTION TO
                                   QUASH**

17  HALF MOON HOTEL, FRANK         Date:  June 17, 2016
    WEISER COUNSEL,                Time:  8:30 a.m.
18                                 Dept.:  5
          Defendants.
19

20

21  I, SAMUEL D. GROSS, declare:

22     1.     I have personal knowledge of the following facts, and if called as a witness, can

23  and will competently testify to them under oath.

24     2.     I am employed by the County of Santa Barbara Sheriff's Office as a Chief

25  Deputy.

26     3.     As Chief Deputy, I report directly to the Undersheriff and I oversee

27  approximately 250 hundred sworn deputies and approximately 55 non-sworn

28  employees.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

1

Declaration of Samuel D. Gross

4.     On or about September 20, 2015, Mr. Balik came to the Santa Barbara Sheriff's Office.  I spoke with Mr. Balik for about 30 to 40 minutes in the Sheriff's Office reception area regarding his complaint about two Sheriff's Office deputies (court bailiffs) who assisted the County Recorder in escorting Mr. Balik out of the Recorder's Office.  I gave Mr. Balik my business card which included my email.

5.     After I spoke with Mr. Balik, I looked into the concerns he raised and confirmed that the deputies acting within policy and procedure.

6.     I do not recall speaking in person or by telephone with Mr. Balik after this interaction on September 20, 2015.

7.     At some point thereafter, I began receiving emails from Mr. Balik; however, the first email that I saved is from January 27, 2016.

8.     From January 27, 2016 to June 12, 2016, I have received 385 emails from Mr. Balik.

9.     These emails mostly appear to be "re-tweets" and notifications of court filings.

10.     I reviewed the Deposition Subpoena issued by Mr. Balik, including the written description and title of the civil litigation, and I have no personal knowledge of the matters described by Mr. Balik.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 13th day of June, 2016, in Santa Barbara, California.

Samuel D. Gross

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**PROOF OF SERVICE**
(C.C.P. §§ 1013(a), 2015.5)

**STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA**

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 105 East Anapamu Street # 201, Santa Barbara, California.

On June 13, 2016, I served a true copy of the **NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFF'S DEPOSITION SUBPOENA; POINTS AND AUTHORITIES** within on the Interested Parties in said action by:

☐    transmission via facsimile to the person(s) indicated below:

☐    transmission via electronic mail to the person(s) indicated below:

☑    depositing it in the United States Mail in a sealed envelope with postage thereon fully prepaid to the following:

Jeremiah W. Balik
1223 Wilshire Blvd., #777
Santa Monica, CA 90403

☑    (State)  I declare, under penalty of perjury, that the above is true and correct.

☐    (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on June 13, 2016, at Santa Barbara, California.

Natalie M. Warwick

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

7

Motion to Quash Subpoena

1 | MICHAEL GHIZZONI, COUNTY COUNSEL
MICHELLE MONTEZ, DEPUTY (SBN202989)
2 | SCOTT GREENWOOD, DEPUTY (SBN 266256)
COUNTY OF SANTA BARBARA
3 | 105 E. Anapamu St., Suite 201
Santa Barbara, CA 93101
4 | (805) 568-2950 / FAX: (805) 568-2982

5 | Attorneys for Santa Barbara Sheriff's Office

6

7

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF SANTA BARBARA

ANACAPA DIVISION

11

12

13 | JEREMIAH W. BALIK,                      | Case No: 15CV02604

14 |          Plaintiff                     | *[Assigned for all purposes to the Honorable James Herman, Department 1]*

15 | v.                                      | **COUNTY OF SANTA BARBARA'S OBJECTION TO PLAINTIFF'S DEPOSITION SUBPOENA**

16

17

18 | HALF MOON HOTEL, FRANK WEISER COUNSEL,  | Date: June 17, 2016
Time: 8:30 a.m.

19 |          Defendant.                     | Location: SBSC, 1100 Anacapa Street, Santa Barbara, CA 93101

20

21

22 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23 | PLEASE TAKE NOTICE that COUNTY OF SANTA BARBARA ("County")

24 | hereby objects to Plaintiff Jeremiah W. Balik Deposition Subpoena for Personal

25 | Appearance and Production of Documents and Things ("Deposition Subpoena")

26 | directed at Samuel D. Gross, Santa Barbara Sheriff's Office Chief Deputy.

27 | 1.        County objects to Plaintiff's Deposition Subpoena on the grounds that it

28

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

does not comply with the service requirements of Code of Civil Procedure Section 2020.220.

2.     County objects to Plaintiff's Deposition Subpoena on the grounds that it Plaintiff improperly noticed the Subpoena as a Deposition Subpoena as opposed to a Subpoena to compel a non-party's attendance at a trial or hearing.

3.     County objects to Plaintiff's Deposition Subpoena on the grounds that Plaintiff did not remit witness fees to the County pursuant to Government Code § 68097.2.

4.     County objects to Plaintiff's Deposition Subpoena on the grounds that Chief Gross has no personal knowledge of the events related to the litigation at hand and his testimony would not likely produce relevant evidence.

5.     County objects to Plaintiff's Deposition Subpoena on the grounds that Chief Gross is a high-ranking public official and there is no compelling reason to require his testimony.

6.     County further objects to Plaintiff's Deposition Subpoena in that it is overbroad and does not reasonably particularize the subject matter.

7.     County objects to Plaintiff's Deposition Subpoena on the grounds that it is vague, ambiguous, and overbroad.

8.     County objects to Plaintiff's Deposition Subpoena on the grounds that it lacks foundation.

9.     County objects to Plaintiff's Deposition Subpoena on the grounds that it is burdensome, harassing, and not calculated to lead to the discovery of admissible evidence.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

COUNTY'S OBJECTION TO PLAINTIFF'S DEPOSITION SUBPOENA
2.



1

2    Dated: June 14, 2016                    MICHAEL C. GHIZZONI
                                            COUNTY COUNSEL
3

4                                           By:
                                            Michelle Montez
5                                           Deputy County Counsel
                                            Attorneys for
6                                           COUNTY OF SANTA BARBARA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    COUNTY COUNSEL
      County of Santa Barbara
      105 East Anapamu Street
      Santa Barbara, CA 93101
      (805) 568-2950
28

COUNTY'S OBJECTION TO PLAINTIFF'S DEPOSITION SUBPOENA
3.

**PROOF OF SERVICE**
(C.C.P. §§ 1013(a), 2015.5)

**STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA**

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 105 East Anapamu Street # 201, Santa Barbara, California.

On June 14, 2016, I served a true copy of the **COUNTY OF SANTA BARBARA'S OBJECTION TO PLAINTIFF"S DEPOSITION SUBPOENA; POINTS AND AUTHORITIES** within on the Interested Parties in said action by:

☑    transmission via facsimile to the person(s) indicated below:

☐    transmission via electronic mail to the person(s) indicated below:

☑    depositing it in the United States Mail in a sealed envelope with postage thereon fully prepaid to the following:

Jeremiah W. Balik
1223 Wilshire Blvd., #777
Santa Monica, CA 90403
Fax No. (805) 642-7177

☑    (State) I declare, under penalty of perjury, that the above is true and correct.

☐    (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on June 14, 2016, at Santa Barbara, California.

Natalie M. Warwick

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

1
**PROOF OF SERVICE**

1   Anthony P. Condotti, City Attorney (SBN 149886)
    Barbara H. Choi, Deputy City Attorney (SBN 156088)
2   **ATCHISON, BARISONE, CONDOTTI & KOVACEVICH**
    A Professional Corporation
3   PO BOX 481
    Santa Cruz, California 95061-0481
4

5   Telephone: (831) 423-8383
    Facsimile: (831) 576-2269
6

7   Attorneys for Respondent
    CITY OF SANTA CRUZ
    POLICE CHIEF KEVIN VOGEL
8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF SANTA BARBARA

11

12   JEREMIAH W. BALIK,              **Case No. 15CV02604**

13           Plaintiff,
14       vs.                  **CITY OF SANTA CRUZ POLICE CHIEF
                                KEVIN VOGEL'S OPPOSITION TO**
15   HALF MOON HOTEL, et al.,      **PLAINTIFF'S MOTION TO COMPEL
                                TESTIMONY; DECLARATION OF**
16          Defendants.        **POLICE CHIEF KEVIN VOGEL IN
                                SUPPORT OF OPPOSITION**
17

18                       Date:   July 20, 2016
                           Time:   9:30 a.m.
19                       Dept.:   1
                           Judge:  Hon. James E. Herman
20

21

22                                 I.
                       PRELIMINARY STATEMENT
23

24      City of Santa Cruz Police Chief Kevin Vogel ("Police Chief Vogel") objects to Plaintiff Jeremiah

25   Balik's attempt to compel his testimony, a nonparty, to appear at a deposition and produce records.

26      Police Chief Vogel, files this opposition on the following grounds:

27     1)  Police Chief Vogel was never personally served with the deposition subpoena;

28     2)  The deposition subpoena is improper since it exceeds the geographic limit; and

-1-

3) There is no factual basis for seeking the testimony and documents from Police Chief Vogel.

## II.
## SUBPOENA IS DEFECTIVE AND CANNOT COMPEL
## TESTIMONY OR PRODUCTION OF DOCUMENTS FROM POLICE CHIEF VOGEL

A testimony and records subpoena must be served personally. Code of Civil Procedure §1987(a); §2020.220(b)-(c). A subpoena for a deposition is also subject to a geographic limit of 75 miles from the deponent's residence or if taken in the county where the action is pending - - it has to occur within 150 miles from deponent's residence. Code of Civil Procedure § 2025.250(a).

Where a peace officer is sought to be subpoenaed on matters investigated in the course of his or her official duties, the public entity must be reimbursed for the officer's salary and travel expenses and the party requesting the subpoena must tender to the person accepting the subpoena $275 for each day the officer's presence is required. *Gov't. Code* § 68097.2(b); *Nick v. Dep't of Motor Vehicles*. 12 Cal. 4th 1407, 1415 (1993) (subpoena properly refused absent tender of required fee).

In the present case, Plaintiff appears to have improperly served Police Chief Vogel by overnight mail, as evidenced by Plaintiff's proof of service which references overnight delivery and a UPS tracking number. Police Chief Vogel never received personal service of the subpoena or any witness fees. (Declaration of Police Chief Kevin Vogel at ¶2.) The subpoena is also improper in requiring testimony in Santa Barbara County, more than 150 miles from the City of Santa Cruz.

Further, there is absolutely no evidence warranting the testimony of Police Chief Vogel in this matter. Plaintiff seeks information about an alleged incident on or about April 24, 2016, but Plaintiff concedes in his email, which is attached to his motion to compel, that "Santa Cruz PD was never in attendance." (Plaintiff's email dated May 31, 2016). The Santa Cruz Police Department has no record of any investigation, incident or contact involving Plaintiff in the City on or about April 24, 2016 or at any other date. (Declaration of Police Chief Kevin Vogel at ¶¶ 3-4). There is no basis to seek Police Chief Vogel's testimony and records even if Plaintiff merely alleges that he saw Santa Cruz police vehicles in the Santa Cruz area.

///

///

III.
CONCLUSION

Police Chief Vogel objects to Plaintiff's motion to compel due to the absence of any basis to seek his testimony and records in this matter, in addition to the procedural defects relating to the service of the subpoena. Police Chief Vogel requests that this Court deny Plaintiff's motion, and also quash the defective subpoena.

Dated: June 29 , 2016

ATCHISON, BARISONE, CONDOTTI &
KOVACEVICH

By: _Barbara H Choi_
BARBARA H. CHOI
Attorneys for CITY OF SANTA CRUZ and POLICE
CHIEF KEVIN VOGEL

1 | **DECLARATION OF POLICE CHIEF KEVIN VOGEL**

2 | I, Kevin Vogel, declare follows:

3 | 1. I am currently employed by the City of Santa Cruz as the Police Chief of the Santa Cruz

4 | Police Department, and have served in this capacity for almost six years, since 2010.

5 | 2. I am not a party to this action. I have never been personally served with a subpoena in this

6 | matter. I was also never offered or accepted any witness fees relating to a subpoena for my

7 | testimony and production of records.

8 | 3. I have reviewed the police records, which are kept in the ordinary course of business by the

9 | police department, and have determined that there was no investigation or activity or contact

10 | by this police department that involved Plaintiff Jeremiah W. Balik on or about April 24,

11 | 2016 or at any other time.

12 | 4. I have no information relating to any matters concerning Plaintiff in this action or any other.

13 |

14 | I declare under penalty of perjury under the laws of the State of California that the foregoing

15 | facts are true and correct and if called as a witness I could, I would, testify thereto.

16 | I further declare that I am executing this declaration in Santa Cruz, California on July ___, 2016.

17 |

18 |

19 | KEVIN VOGEL

20 | Police Chief for the City of Santa Cruz

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-4-

CITY OF SANTA CRUZ POLICE CHIEF KEVIN VOGEL'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL TESTIMONY; DECLARATION OF POLICE CHIEF KEVIN VOGEL

*Jeremiah W. Balik v. Half Moon Hotel, et al.*
**Santa Barbara County Superior Court Case No. 15CV02604**

**PROOF OF SERVICE**

I am employed in the County of Santa Cruz, State of California. I am over the age of eighteen years and not a party to the within action. My business address is Atchison, Barisone, Condotti & Kovacevich, P.O. Box 481, Santa Cruz, California 95061. On the date set forth below, I served the following document(s):

**CITY OF SANTA CRUZ POLICE CHIEF KEVIN VOGEL'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL TESTIMONY; DECLARATION OF POLICE CHIEF KEVIN VOGEL IN SUPPORT OF OPPOSITION**

on the interested party(ies) to said action by the following means:

[ X ]  **(BY MAIL)** By placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing on that date following ordinary business practices, in the United States Mail at the offices of Atchison, Barisone, Condotti & Kovacevich, Santa Cruz, CA, addressed as shown below. I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service, and in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service the same day it was placed for collection and processing.

[ ]  **(BY HAND-DELIVERY)** By causing a true copy thereof, enclosed in a sealed envelope, to be delivered by hand to the address(es) shown below.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 7, 2016, at Santa Cruz, California.

JENNY LYNN MACKEY

NAME AND ADDRESS AND/OR FAX NUMBER OF EACH PARTY SERVED:

Jeremiah W. Balik                In Pro Per
1223 Wilshire Blvd., #777
Santa Monica, CA 90403

Frank A. Weiser                  Attorneys for Defendant
3460 Wilshire Blvd #1212         HALF MOON HOTEL
Los Angeles, CA 90010

PROOF OF SERVICE