1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11

12  JEREMIAH W. BALIK,                    Case No. 16-CV-04070-LHK

13          Plaintiff,                    **ORDER DENYING APPLICATION TO
                                          PROCEED IN FORMA PAUPERIS,
14       v.                               DENYING MOTION FOR INJUNCTION
                                          AND MOTION FOR ORDER OF
15  CITY OF CEDAR FALLS, et al.,          REMOVAL, AND QUASHING
                                          SUBPOENAS**
16          Defendants.
                                          Re: Dkt. Nos. 2, 15, 43, 56
17

18

19          Plaintiff Jeremiah Balik ("Plaintiff") brings this action against the City of Cedar Falls,

20  Iowa; the City of San Jose, California; the City of Ventura, California; the City of Santa Clara,

21  California; the Los Angeles County Sheriff's Department; the Santa Barbara County Sheriff's

22  Department; the San Diego County Sheriff's Department; and Next Generation Wireless

23  (collectively, "Defendants").

24          Plaintiff's complaint alleges two causes of action—one for "Civil Rights Violations" and

25  another for "unlawful arrest, conspiracy, and intentional infliction of emotional distress."  ECF

26  No. 1 ("Compl.") at 4.  According to Plaintiff, Chicago Mayor Rahm Emanuel and U.S.

27  Congressman Fred Upton have led a nationwide scheme to deter Plaintiff from pursuing his

28
                                          1
    Case No. 16-CV-04070-LHK
    ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR
    INJUNCTION AND MOTION FOR ORDER OF REMOVAL, AND QUASHING SUBPOENAS

1   girlfriend, supermodel Samantha Hoopes.  *Id.* at 9.  Emanuel, Upton, and Hoopes are not parties in

2   the instant action.

3   Before the Court is Plaintiff's application to proceed in forma pauperis, which Plaintiff

4   filed on July 20, 2016.  ECF No. 2 ("Mot.").  On July 26, 2016, Plaintiff filed a supplemental brief

5   providing additional details regarding his in forma pauperis application.  ECF No. 15.  Having

6   considered Plaintiff's application, his supplemental brief, the relevant law, and the record in this

7   case, the Court DENIES Plaintiff's application.  The Court finds that Plaintiff is able to pay the

8   $400.00 filing fee and that Plaintiff's allegations of a nationwide scheme orchestrated by Emanuel

9   and Upton are factually and legally frivolous.  The initial case management conference, currently

10   set for October 19, 2016, at 2:00 PM, is VACATED.

11   In addition, on August 24 and 25, 2016, Plaintiff filed a motion for an injunction against

12   California Governor Jerry Brown and a motion for an order granting the removal from state court

13   of a traffic citation Plaintiff received in Santa Clara County, respectively.  ECF Nos. 43 & 56.

14   These motions are both DENIED.  Governor Brown is not a party to this case, and there is no

15   basis for removal of Plaintiff's traffic citation.

16   Plaintiff has also filed 18 proposed subpoenas since the beginning of this action, many of

17   which have been directed at entities that are not parties and are not relevant to this action.

18   Plaintiff, for instance, directed a proposed subpoena to Piquito Mas Chatsworth, a Mexican

19   restaurant in California, ECF No. 23; a proposed subpoena for Louise Ward, agent to actors

20   Channing and Jenna Tatum ECF No. 51; and a proposed subpoena for Instagram HQ, ECF No. 55.

21   These proposed subpoenas are improper and are QUASHED.  ECF Nos. 10, 14, 16, 19, 21, 23, 29,

22   31, 32, 34, 40, 44, 45, 46, 51, 53, 54, 55.

23   **I.      LEGAL STANDARD**

24   Individuals must pay a $400.00 filing fee to commence a civil action in the Northern

25   District of California.  Under federal law, however, a court "may authorize the commencement" of

26   a civil suit without prepayment of the filing fee if the plaintiff submits an affidavit which

27

28   Case No. 16-CV-04070-LHK
ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR
INJUNCTION AND MOTION FOR ORDER OF REMOVAL, AND QUASHING SUBPOENAS

United States District Court
Northern District of California

"includes a statement of all assets" and which shows that plaintiff is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  Leave to proceed in forma pauperis is properly granted only when the plaintiff has both demonstrated poverty and presented a claim that is neither factually nor legally frivolous.  *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *accord Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004) ("To qualify for in forma pauperis status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous.").  Thus, a court "may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."  821 F.2d at 1370.  "The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court."  *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (per curiam).

## II.      DISCUSSION

### A. Ability to Pay

Plaintiff receives $2,906.83 per month in Veterans Administration benefits, and owns Shteren Technology, LLC ("Shteren"), a company based in Santa Monica, California.  Mot. at 1, 12.  His in forma pauperis application does not state how much money Plaintiff makes at Shteren.  Plaintiff also earns money through "[l]itigation"—he earned $1,124.00 in the past twelve months as a result of settling two lawsuits, and has another lawsuit pending.  *Id.* at 2.  Plaintiff owns a 2011 Toyota Prius.  Plaintiff's in forma pauperis application reveals that he has two bank accounts at Wells Fargo which, as of July 8, 2016, had a total combined balance of $2,135.39.  *Id.* at 6.  Finally, Plaintiff has a savings account at BMO Harris Bank which, as of June 30, 2016, had a balance of $22.67.  *Id.* at 29.

Plaintiff's application lists a number of different estimated monthly expenses, with most of his expenses spent on utilities ($1,000.00), food ($850.00), and car payments ($423.76).  Altogether, Plaintiff's monthly estimated expenses total $2,839.76.  *Id.* at 3.  From June 8, 2016 to July 8, 2016, Plaintiff deposited $3,441.98 and withdrew $2,960.88 from his Wells Fargo

Case No. 16-CV-04070-LHK
ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR
INJUNCTION AND MOTION FOR ORDER OF REMOVAL, AND QUASHING SUBPOENAS

United States District Court
Northern District of California

United States District Court
Northern District of California

1   accounts.  *Id.* at 14–15.

2         Under these facts, the Court finds that Plaintiff has not sufficiently demonstrated an

3   inability to pay to proceed in forma pauperis.  Although 28 U.S.C. § 1915(a) "does not itself

4   define what constitutes insufficient assets," a plaintiff seeking in forma pauperis status "must

5   allege poverty with some particularity, definiteness and certainty."  *Escobedo v. Applebees*, 787

6   F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks omitted).

7         Plaintiff has failed to meet this bar.  As noted above, Plaintiff's statement shows, among

8   other things, (1) that he earns at least $2,906.83 per month in Veterans Administration benefits;

9   (2) that he made at least $3,441.98 in bank deposits between June 8 and July 8, 2016; (3) that he

10  owns a 2011 Toyota Prius; (4) that he is employed and owns a company; (5) that he has made

11  $1,124.00 in litigation settlements over the past year, and may make more in the future; (5) that he

12  has three bank accounts with $2,158.06 in total assets; and (6) that his monthly income generally

13  exceeds his monthly expenses.  Taken together, these circumstances indicate that Plaintiff has

14  sufficient assets to pay the one-time $400.00 fee necessary to file a civil action in the Northern

15  District of California.

16        Case law supports the Court's decision to deny Plaintiff in forma pauperis status.  In *Wade*

17  *v. American Federation of Government Employees*, 2006 WL 3645610, *1 (N.D. Cal. Dec. 12,

18  2006), the district court denied in forma pauperis status based on the fact that plaintiff's income

19  was approximately $2,500.00 per month and his expenses were approximately $1,845.00 per

20  month.  In *Said v. Tehama County*, 2013 WL 1310679, *1 (E.D. Cal. Mar. 26, 2013), the district

21  court denied in forma pauperis status to a plaintiff whose "take home pay" was $2,345.00 per

22  month.  Finally, in *Theede v. Veterans Administration*, 927 F.2d 610, *1 (9th Cir. 1991) (Table),

23  the Ninth Circuit upheld the district court's decision to deny in forma pauperis status based on a

24  household's monthly income of $2,731.00.  Notably, none of these courts even examined

25  plaintiff's other assets, such as whether plaintiff had a bank account, a car, or income from

26  litigation settlements.

27                                                    4

28  Case No. 16-CV-04070-LHK
    ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR
    INJUNCTION AND MOTION FOR ORDER OF REMOVAL, AND QUASHING SUBPOENAS

United States District Court
Northern District of California

1    Plaintiff's supplemental brief, which Plaintiff filed on July 26, 2016, contends that the

2    Court should grant him in forma pauperis status because five other district courts in California

3    have done so.  This contention lacks merit.

4    Indeed, in two of these cases, Plaintiff did not even apply for in forma pauperis status.  *See*

5    *Balik v. Upton*, 15-CV-1419 (E.D. Cal.); *Balik v. McCarthy*, 15-CV-1420 (E.D. Cal.).  In the

6    remaining cases, Plaintiff stated that he paid between $1,500.00 and $2,200.00 per month in rent.

7    *See Balik v. Sprint/United Mgmt, Co.*, 16-CV-1106 (S.D. Cal.), ECF No. 9 at 2 ($2,015.00 in

8    monthly rent); *Balik v. ToyTalk, Inc.*, 15-CV-4556 (N.D. Cal.), ECF No. 3 at 3 ($1,500.00–

9    $2,200.00 in monthly rent); *Balik v. Spiral Toys, Inc.*, 15-CV-8812 (C.D. Cal.), ECF No. 2 at 2

10   ($1,500.00–$2,200.00 in monthly rent).  In addition, Plaintiff did not, in these three cases, report

11   the $1,124.00 that he had earned through litigation settlements.

12   On the other hand, in the instant case, Plaintiff does not provide a figure or even a range as

13   to his monthly rent.  The application simply states that Plaintiff's rent "varies," with a crossed out

14   zero immediately next to the word "varies."  Mot. at 3.  Plaintiff, despite submitting both an initial

15   in forma pauperis application and a supplemental brief, has provided no other documentation as to

16   his current monthly rent.  Moreover, Plaintiff has made $1,124.00 in the past year in litigation

17   settlements.

18   Thus, Plaintiff's circumstances—notably, his monthly rent and litigation earnings—have

19   changed.  This difference in circumstances distinguishes Plaintiff's situation in the instant case

20   from those in *Sprint*, *ToyTalk*, and *Spiral Toys*.  Accordingly, Plaintiff has failed to show that he

21   can not pay the required $400.00 filing fee.  Plaintiff's in forma pauperis application is therefore

22   DENIED on the basis of his ability to pay.

23   **B.  Frivolousness and Vexatious Litigant**

24   **1.  Plaintiff's Allegations of a Nationwide Scheme by Rahm Emanuel and Fred Upton**

25   In addition to being able to pay the required $400.00 filing fee, the Court finds Plaintiff's

26   complaint to be factually and legally frivolous and denies in forma pauperis status on this basis as

27

28   Case No. 16-CV-04070-LHK
     ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR
     INJUNCTION AND MOTION FOR ORDER OF REMOVAL, AND QUASHING SUBPOENAS

United States District Court
Northern District of California

1  well.  In the instant case, Plaintiff alleges that he was the subject of a nationwide scheme

2  orchestrated by Chicago Mayor Rahm Emanuel ("Emanuel") and U.S. Congressman Fred Upton

3  ("Upton") to prevent Plaintiff from pursuing his girlfriend, supermodel Samantha Hoopes

4  ("Hoopes").  Compl. at 9.

5          As part of this scheme, Plaintiff alleges that he was patrolled by police officers in Cedar

6  Falls, Iowa; and San Jose, Santa Clara, Los Angeles, Ventura, Santa Barbara, and San Diego,

7  California.  Plaintiff, for instance, admits that he "made an illegal or unlawful u-turn in front of

8  [the] Santa Clara [Police Department] and engaged in a conversation about" the police

9  department's decision to set up a "stop area" outside Levi's Stadium, a Santa Clara sports venue.

10 *Id.* at 13.  Plaintiff was subsequently ticketed for violating a traffic law, "plans to remove [the]

11 ticket to Federal Court," and states—without explanation—that this "[i]ncident implicates US

12 Congressman Fred Upton."  *Id.* at 14.  In addition to police patrolling, Plaintiff states that he

13 applied to work at Next Generation Wireless, a telecommunications store in Cedar Falls, Iowa, but

14 was denied a position.  *Id.* at 7.

15         The instant case is at least the sixth time that Plaintiff has alleged that Emanuel and Upton

16 have worked together to prevent or deter Plaintiff from pursuing his alleged girlfriend, Samantha

17 Hoopes, by subjecting Plaintiff to unlawful police conduct or by preventing Plaintiff from

18 realizing economic opportunities.  Every court to have previously considered Plaintiff's claims has

19 found them to be meritless.

20         In *Balik v. Sprint/United Management*, a case that Plaintiff filed in the Southern District of

21 California, Plaintiff was denied employment by Defendants Sprint/United Management Co.; Time

22 Warner Cable, Inc.; and Telephone and Data Systems, Inc.  Plaintiff's allegations in the

23 *Sprint/United Management* case mirror those that he has made in the instant case as to Next

24 Generation Wireless.  In *Sprint/United Management*, for example, Plaintiff alleged that "either

25 Congressman Fred Upton or Mayor Rahm Emanuel or BOTH abused their authority and called

26 [Defendants] to block and prevent Plaintiff from getting interviewed and hired at

27

28
   Case No. 16-CV-04070-LHK
   ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR
   INJUNCTION AND MOTION FOR ORDER OF REMOVAL, AND QUASHING SUBPOENAS

1   telecommunications companies." 16-CV-1106 (S.D. Cal.), ECF No. 9 at 4 (ellipses omitted).  In

2   initially screening Plaintiff's complaint as part of Plaintiff's in forma pauperis application, the

3   *Sprint/United Management* court found that Plaintiff's allegations "fail[ed] to state a claim on

4   which relief can be granted," and dismissed Plaintiff's complaint with prejudice on August 2,

5   2016. *Id.*

6       In *Balik v. ToyTalk*, a patent infringement case filed in the Northern District of California,

7   Plaintiff likewise accused Emanuel and Upton of "unduly us[ing] their influence on various third

8   parties and interfer[ing] with [Plaintiff's] discussions regarding his patent, licensing agreements,

9   and potential job opportunities." 16-CV-4556 (N.D. Cal.), ECF No. 62 at 2.  The district court

10  found Plaintiff's claims without merit and dismissed Plaintiff's complaint with prejudice on June

11  10, 2016.  16-CV-4556 (N.D. Cal.), ECF No. 84.

12      In *Balik v. Spiral Toys, Inc.*, a patent infringement case filed in the Central District of

13  California, Plaintiff once again alleged that Emanuel and Upton had used their positions to deny

14  Plaintiff economic opportunities in order to disrupt Plaintiff's relationship with Hoopes.  15-CV-

15  8112 (C.D. Cal.), ECF No. 1 at 4–6.  The district court dismissed Plaintiff's complaint with

16  prejudice on February 1, 2016.  15-CV-8112 (C.D. Cal.), ECF No. 52.

17      Finally, in *Balik v. Upton* and *Balik v. McCarthy*, two cases filed in the Eastern District of

18  California, Plaintiff argued that Upton "did not want him dating a supermodel, and so Upton

19  called in a favor with [U.S.] Congressman [Kevin] McCarthy and Chocolate Shoppe Ice Cream

20  CEO David Deadman, and told them not do to do business with Plaintiff." 15-CV-1420 (E.D.

21  Cal.), ECF No. 11 at 3 (internal quotation marks and alteration omitted).  Plaintiff also alleged—as

22  in the instant case—that Upton "called in favors to have various law enforcement agencies . . .

23  unlawfully patrol" around Plaintiff.  *Id.* at 2 (internal quotation marks and alterations omitted).

24      In the process of reviewing Plaintiff's complaints in *Balik v. Upton* and *Balik v. McCarthy*,

25  the Eastern District of California judge, who presided over both cases, described Plaintiff's

26  allegations as being "fanciful" and "lack[ing] an arguable basis in fact." *Id.* at 4.  As the district

27

28
Case No. 16-CV-04070-LHK
ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR
INJUNCTION AND MOTION FOR ORDER OF REMOVAL, AND QUASHING SUBPOENAS

United States District Court
Northern District of California

judge summarized: "In short, the Court finds the allegations—that Plaintiff has a social relationship with a super model, that a Congressman has such a pronounced interest in Plaintiff's social networking life as to become angry, that, in this angry state, the Congressman engaged the assistance of another Congressman and an ice cream store executive to thwart the social networking relationship—to be lacking all credibility and all plausibility." *Id.* at 3.  The district judge did not specifically address Plaintiff's police patrolling allegations, other than to state that Plaintiff had not "alleged any acts of violence, threats of violence, or conduct that seriously alarms, annoys, or harasses," in violation of California law. *Id.* at 3 (internal quotation marks omitted).[1]  Accordingly, the district judge dismissed both complaints with prejudice on October 20, 2015.

To summarize, Plaintiff has filed five other actions in federal courts in California.  Like the instant case, the crux of these five actions has been that Emanuel and Upton have worked together to prevent or deter Plaintiff from pursuing his alleged girlfriend, Hoopes.  Emanuel and Upton have done so by preventing Plaintiff from realizing economic opportunities or by subjecting Plaintiff to unlawful police conduct.  In these five actions, Plaintiff provided no evidence of this nationwide scheme, all five district courts found Plaintiff's claims to be meritless.  Plaintiff likewise has pointed to no such evidence of a nationwide scheme by Emanuel and Upton in the instant case.

As an additional point, federal courts have authority to label a litigant "vexatious" and to require review of future complaints filed by the vexatious litigant.  "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  Before entering such an order, district courts must (1) give the litigant notice and an opportunity to be heard; (2) compile an adequate record for review; (3) "make substantive findings that the

---

[1] Unlike in the instant case, Plaintiff did not assert a federal cause of action in the *McCarthy* or *Upton* cases.

Case No. 16-CV-04070-LHK
ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR
INJUNCTION AND MOTION FOR ORDER OF REMOVAL, AND QUASHING SUBPOENAS

1    litigant's filings are frivolous or harassing"; and (4) narrowly tailor the pre-filing order to "fit the

2    specific vice encountered."  *Hurt v. All Sweepstakes Contests*, 2013 WL 144047, *5 (N.D. Cal.

3    Jan. 11, 2013) (internal quotation marks omitted).

4         In light of the rulings of five other district courts and given the allegations in the instant

5    case, the Court finds Plaintiff's claim that Emanuel and Upton engaged in a nationwide scheme to

6    prevent Plaintiff from pursuing his girlfriend, super model Samantha Hoopes, to be factually and

7    legally frivolous.  This finding provides an additional ground for denying Plaintiff's in forma

8    pauperis application.  Plaintiff's application to proceed in forma pauperis is therefore DENIED on

9    the basis that the complaint is legally and factually frivolous.

10        Moreover, Plaintiff's allegations have now been before five different federal judges and

11   have taken up valuable judicial resources.  As the Ninth Circuit has noted, "[f]lagrant abuse of the

12   judicial process cannot be tolerated because it enables one person to preempt the use of judicial

13   time that properly could be used to consider the meritorious claims of other litigants."  *De Long v.*

14   *Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).  Should Plaintiff continue to allege such a

15   frivolous nationwide scheme despite the rulings of this Court and other courts, the Court will

16   consider whether to declare Plaintiff a vexatious litigant.

17        **2.  Plaintiff's Allegations Against the Other Defendants**

18        Outside of Plaintiff's contentions of a nationwide scheme, there is no common allegation

19   that links together Plaintiff's claims against the City of Cedar Falls, the City of San Jose, the City

20   of Ventura, the City of Santa Clara, the Los Angeles County Sherriff's Department, the Santa

21   Barbara County Sheriff's Department, the San Diego County Sheriff's Department, and Next

22   Generation Wireless.

23        Under Federal Rule of Civil Procedure 20(a), permissive joinder of defendants is only

24   appropriate where (1) "any right to relief [is asserted] jointly, severally, or in the alternative with

25   respect to or arising out of the same transaction, occurrence, or series of transactions or

26   occurrences," and (2), "any question of law or fact common to all plaintiffs will arise in the

27

28

*United States District Court*
*Northern District of California*

9

action." Fed. R. Civ. P. 20(a).  "Even once these requirements are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (internal quotation marks omitted).  "A determination on the question of joinder of parties lies within the discretion of the district court."  *Wynn v. Nat. Broadcasting Co.*, 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002).  "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance."  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

In addition, under 28 U.S.C. § 1404, "a district court may transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses" and "in the interest of justice."  28 U.S.C. § 1404.  "A motion to transfer venue lies within the broad discretion of the district court."  *Roling v. E-Trade Sec., LLC.*, 756 F. Supp. 2d 1179, 1183 (N.D. Cal. 2010).

Consequently, if Plaintiff continues to assert claims against all Defendants, many of whom are not located in this District, the Court will examine whether it would be appropriate to sever or dismiss these Defendants and/or transfer Plaintiff's case to another District.

In light of the Court's finding that Plaintiff's complaint is factually and legally frivolous and the above concerns regarding misjoinder and venue, the Court advises Plaintiff to contact Kevin Knestrick, the staff attorney for the Federal Pro Se Program.  Mr. Knestrick is located at the U.S. Courthouse, 280 S. 1st Street, 2nd Floor, Room 2070, San Jose, California 95113 and may be contacted at 408-297-1480.  Additional information regarding the Federal Pro Se Program is available at http://cand.uscourts.gov/helpcentersj.

Plaintiff is to file an amended complaint within 30 days of this Order that cures its factual and legal frivolousness and addresses the misjoinder, venue, and other issues raised in this Order. Plaintiff must pay the $400.00 filing fee.  Failure to address these deficiencies and failure to pay the filing fee will result in severance, transfer, or dismissal of this action with prejudice.  Failure to

Case No. 16-CV-04070-LHK
ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR
INJUNCTION AND MOTION FOR ORDER OF REMOVAL, AND QUASHING SUBPOENAS

United States District Court
Northern District of California

1    address these deficiencies may also result in Plaintiff being declared a vexatious litigant and

2    subject to pre-filing review.

3    **III.    ADDITIONAL MATTERS**

4           In addition to filing an application to proceed in forma pauperis, Plaintiff has also filed a

5    motion for an injunction against California Governor Jerry Brown, ECF No. 43, and a motion for

6    order of removal of a traffic ticket that Plaintiff received in Santa Clara County, ECF No. 56.

7           These motions lack merit and are DENIED.  Neither the State of California nor Governor

8    Brown, in his individual or official capacity, is a party to this case.  Moreover, it is unclear how

9    Governor Brown's alleged actions—sending Plaintiff "unwanted and harassing emails"—or

10   Plaintiff's traffic citation is at all relevant to this case.

11          Plaintiff has also filed 18 subpoenas, many of which are directed at entities that are not

12   parties or relevant to the instant case and are frivolous, such as Instagram HQ, ECF No. 55; Louise

13   Ward, a celebrity agent, ECF No. 51; or Piquito Mas Chatsworth, a Mexican restaurant, ECF No.

14   23.  These subpoenas command the entities to appear at 280 South 1st Street, Courtroom 8 – 4th

15   Floor, San Jose, CA 95113—this Court's courtroom—at a specific time and date.  *See* ECF No. 55

16   (commanding Instagram HQ to appear in this Court's courtroom on October 15, 2016, at 2:00

17   p.m.).  These subpoenas also generally refer in some way to the nationwide scheme by Emanuel

18   and Upton to prevent Plaintiff's relationship with Hoopes.  In the Instagram HQ subpoena, for

19   instance, Plaintiff states that "Samantha Hoopes posted photo could be construed as a 'Hate

20   Crime' under California PC 422.55, although super model Samantha Hoopes was probably just an

21   expression of her protected 'free speech' [clause] under the 1st Amendment – See Attachment 1."

22   *Id.* at 1; *see also id.* at 2 (Attachment 1, which reads that "Plaintiff was dating Samantha Hoopes –

23   conspirators Mayor Rahm Emanuel and US Rep Fred Upton et al had Plaintiff locked out of

24   Plaintiff's Instagram account and censored.").

25          These subpoenas lack merit, and, like Plaintiff's complaint, are factually and legally

26   frivolous.  The Court has never granted Plaintiff access to its courtroom for subpoena-related

27                                                              11

28   Case No. 16-CV-04070-LHK
     ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR
     INJUNCTION AND MOTION FOR ORDER OF REMOVAL, AND QUASHING SUBPOENAS

United States District Court
Northern District of California

matters.  The subpoenas themselves are often directed at entities that are not parties to this case.
The subpoenas often refer to the nationwide scheme orchestrated by Emanuel and Upton.  These
subpoenas are QUASHED.  ECF Nos. 10, 14, 16, 19, 21, 23, 29, 31, 32, 34, 40, 44, 45, 46, 51, 53,
54, 55.

Finally, Plaintiff has repeatedly attempted to set hearing dates on motions and other
matters without the Court's permission or approval.  *See* ECF No. 48 (setting an October 6, 2016
hearing date for injunction motion against Governor Brown).  None of these hearing dates are
valid.  Per the Standing Orders of this Court, a party must contact the Courtroom Deputy to
request a hearing date.  Plaintiff has not done so.  Moreover, there is no complaint on file, and no
complaint has been served on any Defendants, so no hearings are appropriate at this time.

Plaintiff has also sent postcards and multiple emails daily to the Courtroom Deputy and
Clerk's Office.  After Plaintiff initially sent several emails ex parte, the Court issued an order on
August 9, 2016 which stated that these emails were "ex parte communications" and were
prohibited pursuant to Civil Local Rule 11-4(c).  ECF No. 25 at 1; *see* Civil L.R. 11-4(c) ("[A]n
attorney or party to an action must refrain from making telephone calls or writing letters or
sending copies of communications between counsel to the assigned Judge or the Judge's law
clerks or otherwise communicating with a Judge or the Judge's staff regarding a pending matter,
without prior notice to opposing counsel.").  Consistent with the Civil Local Rules, Plaintiff was
advised that he could only contact the Courtroom Deputy for "non-substantive scheduling
communications," and that any such contact "must include opposing counsel."  *Id.*

Plaintiff did not comply with the Court's August 9, 2016 Order, and continued to send ex
parte communications daily to the Courtroom Deputy.  Accordingly, on August 16, 2016, the
Court issued an order reiterating that Plaintiff could not send ex parte communications to the
Courtroom Deputy, and that Plaintiff should only communicate with the Courtroom Deputy on
non-substantive scheduling matters.  ECF No. 36 at 1.  Plaintiff's communications to the
Courtroom Deputy should also include opposing counsel.

Case No. 16-CV-04070-LHK
ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR
INJUNCTION AND MOTION FOR ORDER OF REMOVAL, AND QUASHING SUBPOENAS

1   Plaintiff continued, however, to send emails to the Courtroom Deputy. The only apparent

2   change that Plaintiff has made has been to include officials from the Santa Clara City government

3   on his emails to the Courtroom Deputy. *See, e.g.*, ECF No. 42-1 at 2. The City of Santa Clara,

4   although named as a Defendant in Plaintiff's complaint, has not been served, and no counsel has

5   appeared on the City of Santa Clara's behalf. Moreover, Plaintiff's emails do not address non-

6   substantive scheduling matters, but instead are "substantive correspondences about case

7   management." ECF No. 42 at 1. Accordingly, the Court issued a third order on August 23, 2016

8   which emphasized that Plaintiff's "communications with the Courtroom Deputy should be limited

9   in scope to non-substantive scheduling communications that include opposing counsel." *Id.*

10   In sum, the Court has warned Plaintiff on three occasions over the past month to only

11   contact the Courtroom Deputy for non-substantive scheduling matters, and to include opposing

12   counsel on all such communications. ECF Nos. 25, 36, 42. Plaintiff has not complied with these

13   orders. If Plaintiff continues to violate the Court's orders, the Court can and will, in its discretion,

14   dismiss this action with prejudice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)

15   ("[T]he district court may dismiss an action for failure to comply with any order of the court.").

16   ## IV.   CONCLUSION

17   For the foregoing reasons, Plaintiff's application to proceed in forma pauperis is DENIED.

18   Plaintiff must file an amended complaint addressing the deficiencies identified herein and must

19   pay the $400.00 filing fee no later than 30 days from the date of this Order. Failure to cure the

20   deficiencies identified herein and failure to pay the filing fee within this 30-day period will result

21   in dismissal of this action with prejudice.

22   Any further failure to comply with the Court's orders regarding communications with the

23   Courtroom Deputy or Clerk's Office will result in dismissal of this action with prejudice.

24   Plaintiff's motion for an injunction and motion for an order of removal, ECF Nos. 43 & 56,

25   are DENIED. Plaintiff's 18 proposed subpoenas are QUASHED. ECF Nos. 10, 14, 16, 19, 21,

26   23, 29, 31, 32, 34, 40, 44, 45, 46, 51, 53, 54, 55.

27

28

United States District Court
Northern District of California

13

Case No. 16-CV-04070-LHK
ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR
INJUNCTION AND MOTION FOR ORDER OF REMOVAL, AND QUASHING SUBPOENAS

1     Plaintiff has a continuing obligation to keep the Court informed of his or her current

2   address.  Failure to do so may result in dismissal of this action.

3   **IT IS SO ORDERED.**

4   Dated:  August 26, 2016.

5                                              _Lucy H. Koh_____

6                                              LUCY H. KOH
                                               United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              14

28  Case No. 16-CV-04070-LHK
    ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR
    INJUNCTION AND MOTION FOR ORDER OF REMOVAL, AND QUASHING SUBPOENAS

United States District Court
Northern District of California