1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

| | |
|---|---|
| 12   JEREMIAH W. BALIK, | Case No. 16-CV-04070-LHK |
| 13                    Plaintiff, | **ORDER DENYING MOTION TO RECUSE, QUASHING ALL SUBPOENAS, AND DISMISSING CASE WITH PREJUDICE** |
| 14          v. | |
| 15   CITY OF CEDAR FALLS, et al., | Re: Dkt. Nos. 10, 14, 16, 19, 21, 23, 29, 31, 32, 34, 40, 44, 45, 46, 51, 53, 54, 55, 61 & 62, 65 |
| 16                    Defendants. | |
| 17 | |

18

19    Plaintiff Jeremiah Balik ("Plaintiff") brings this action against the City of Cedar Falls,

20 Iowa; the City of San Jose, California; the City of Ventura, California; the City of Santa Clara,

21 California; the Los Angeles County Sheriff's Department; the Santa Barbara County Sheriff's

22 Department; the San Diego County Sheriff's Department; and Next Generation Wireless

23 (collectively, "Defendants").

24    The crux of Plaintiff's complaint is that Chicago Mayor Rahm Emanuel ("Emanuel") and

25 U.S. Congressman Fred Upton ("Upton") have led a nationwide scheme to deter Plaintiff from

26 pursuing his girlfriend, supermodel Samantha Hoopes ("Hoopes"). ECF No. 1 at 9. Emanuel,

27

28

Case No. 16-CV-04070-LHK
ORDER DENYING MOTION TO RECUSE, QUASHING ALL SUBPOENAS, AND DISMISSING CASE WITH
PREJUDICE

*United States District Court*
*Northern District of California*

1   Upton, and Hoopes are not parties in the instant action.

2        Before the Court is Plaintiff's motion to recuse, which Plaintiff filed on August 31, 2016.

3   ECF No. 61 ("Mot.").  Plaintiff also filed on August 31, 2016 a proposed subpoena to an

4   unidentified Los Angeles Police Department officer and on September 1, 2016 a proposed

5   subpoena to Instagram HQ.  ECF Nos. 62, 65.

6        Having considered the motion and proposed subpoenas, the relevant law, and the record in

7   this case, the Court DENIES Plaintiff's motion to recuse and QUASHES Plaintiff's two

8   subpoenas.  The Court also reiterates that the previous 18 subpoenas that Plaintiff filed in this

9   action are QUASHED and are thus without any legal effect.  Finally, the Court DISMISSES the

10  instant action with prejudice.

## I.    BACKGROUND

12       On July 20, 2016, Plaintiff filed the complaint in this action.  ECF No. 1.  On this same

13  date, Plaintiff also filed an application to proceed in forma pauperis.  ECF No. 2.

14       On August 26, 2016, the Court denied Plaintiff's in forma pauperis application.  The Court

15  determined that Plaintiff was both (1) able to pay the $400.00 fee to file a civil action in the

16  Northern District of California and (2) that Plaintiff's complaint was factually and legally

17  frivolous.  ECF No. 58.  On the issue of frivolousness, the Court explained that Plaintiff had "filed

18  five other actions in federal courts in California.  Like the instant case, the crux of these five

19  actions has been that Emanuel and Upton have worked together to prevent or deter Plaintiff from

20  pursuing his alleged girlfriend, Hoopes."  *Id.* at 8.  "In these five actions, Plaintiff provided no

21  evidence of this nationwide scheme, and all five district courts found Plaintiff's claims to be

22  meritless."  *Id.*  "Plaintiff likewise has pointed to no such evidence of a nationwide scheme by

23  Emanuel and Upton in the instant case."  *Id.*

24       In addition to denying Plaintiff's application to proceed in forma pauperis, the Court also

25  noted that Plaintiff's complaint appeared to implicate issues of misjoinder and improper venue.

26  Accordingly, the Court directed Plaintiff to contact Kevin Knestrick, the staff attorney for the

27

28  Case No. 16-CV-04070-LHK
    ORDER DENYING MOTION TO RECUSE, QUASHING ALL SUBPOENAS, AND DISMISSING CASE WITH
    PREJUDICE

United States District Court
Northern District of California

2

1  Federal Pro Se Program, to file an amended complaint "that cures its factual and legal

2  frivolousness and addresses the misjoinder, venue, and other issues raised" in the Court's August

3  26, 2016 Order. *Id.* at 10.

4       The Court's August 26, 2016 Order also denied Plaintiff's motion for an injunction against

5  California Governor Jerry Brown and Plaintiff's motion for an order of removal of a traffic ticket

6  that Plaintiff received in Santa Clara County. *Id.* at 11. The Court also quashed 18 proposed

7  subpoenas that Plaintiff had filed. These subpoenas, like Plaintiff's complaint, were legally and

8  factually frivolous. *See id.* (describing subpoena directed to Piquito Mas Chatsworth, a Mexican

9  restaurant).

10       Finally, the Court noted that Plaintiff had "repeatedly attempted to set hearing dates on

11  motions and other matters without the Court's permission or approval," in violation of the Court's

12  standing order. Moreover, Plaintiff had sent postcards and multiple emails daily to the Courtroom

13  Deputy and Clerk's Office. Many of these communications were ex parte and addressed

14  substantive case matters, in violation of Civil Local Rule 11-4(c). *See* Civil L.R. 11-4(c) ("[A]n

15  attorney or party to an action must refrain from making telephone calls or writing letters or

16  sending copies of communications between counsel to the assigned Judge or the Judge's law

17  clerks or otherwise communicating with a Judge or the Judge's staff regarding a pending matter,

18  without prior notice to opposing counsel."); *see id.* (allowing parties to contact Courtroom Deputy

19  solely for non-substantive scheduling matters).

20       The Court's August 26, 2016 Order was not the first time that the Court had warned

21  Plaintiff that his actions violated the Civil Local Rules and the Court's standing order—the Court

22  had already done so on three prior occasions.

23       Indeed, Plaintiff has repeatedly sent improper communications to the Courtroom Deputy

24  and Clerk's Office ever since Plaintiff filed his case on July 20, 2016. Thus, on August 9, 2015,

25  the Court issued an order which stated that Plaintiff's emails were ex parte communications and

26  that Plaintiff should contact the Courtroom Deputy only for non-substantive scheduling

27  

3

28  Case No. 16-CV-04070-LHK
ORDER DENYING MOTION TO RECUSE, QUASHING ALL SUBPOENAS, AND DISMISSING CASE WITH
PREJUDICE

communications.  Moreover, any such contact must, consistent with the Civil Local Rules, include opposing counsel.

Plaintiff did not comply with the Court's August 9, 2016 Order, and continued to send ex parte communications daily to the Courtroom Deputy.  Accordingly, on August 16, 2016, the Court issued a second order reiterating that Plaintiff could not send ex parte communications to the Courtroom Deputy, and that Plaintiff should only communicate with the Courtroom Deputy on non-substantive scheduling matters.  ECF No. 36 at 1.

Plaintiff continued to send improper emails to the Courtroom Deputy.  The only apparent change that Plaintiff made was to include Santa Clara City government officials on his emails to the Courtroom Deputy.  *See, e.g.*, ECF No. 42-1 at 2.  The City of Santa Clara, although named as a Defendant in Plaintiff's complaint, has not been served, and no counsel has appeared on the City of Santa Clara's behalf.  Moreover, Plaintiff's emails did not address non-substantive scheduling matters, but instead were "substantive correspondences about case management."  ECF No. 42 at 1.  Accordingly, the Court issued a third order on August 23, 2016 which emphasized that Plaintiff's "communications with the Courtroom Deputy should be limited in scope to non-substantive scheduling communications that include opposing counsel."  *Id.*

Notwithstanding the Court's August 9, 16, and 23, 2016 Orders, Plaintiff continued to send the Courtroom Deputy improper emails.  Thus, on August 26, 2016, the Court reiterated that Plaintiff was "to only contact the Courtroom Deputy for non-substantive scheduling matters, and to include opposing counsel on all such communications."  ECF No. 58 at 13.  Moreover, the Court warned Plaintiff that "[i]f Plaintiff continue[d] to violate the Court's orders, the Court can and will, in its discretion, dismiss this action with prejudice."  *Id.* (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("[T]he district court may dismiss an action for failure to comply with any order of the court.")).

## II.   DISCUSSION

### A.  Motion to Recuse

United States District Court
Northern District of California

1   After acknowledging receipt of the Court's August 26, 2016 Order, ECF No. 59, Plaintiff

2   continued to send the Courtroom Deputy improper emails.  On August 28, 2016, for instance,

3   Plaintiff sent the following email:

4       Gov. Brown/Santa Clara City Attny,
        See you October 6th per motion hearing.
5       San Jose City Attorney, nothing wrong with my process service—made Sen
        Feinstein aware of situation.  See reply – plus Twitter post.  Thanks
6       Respectfully submitted,

7   ECF No. 59-3.  Plaintiff included the following email addresses in his August 26, 2016 email:

8   richard.doyle@sanjoseca.gov, governor@governor.ca.gov, CityAttorney@santaclaraca.gov,

9   lhkcrd@cand.uscourts.gov, claudia.ericksen@cco.sccgov.org, jlyons@sfchronicle.com,

10  jltorders@caed.uscourts.gov, carson_niello@feinstein.senate.gov, BChoi@cityofsantacruz.com.

11  None of these emails belong to parties in this case, and there is no October 6 motion hearing.

12      Next, on August 30, 2016, Plaintiff sent the following email:

13

14      https://en.m.wikipedia.org/wiki/Mariano-Florentino_Cuéllar
        Stacy this seems like a conflict to me, im at odds with President Obama. (he wrote
15      a letter of recommendation for me)   Additionally I'm not dating Samantha
        Hoopes per SBSC #15cv02604  & Rahm Emanuel & FRED Upton are implicated
16      in LASC cases #15K05516 & #15K04655.
        Perhaps a different Judge would be best.  Thanks
17      Best,

18  Plaintiff included the following email addresses in his August 30, 2016 email:

19  lhkcrd@cand.uscourts.gov, gary_fisher@grassley.senate.gov,

20  zachariah_beck@grassley.senate.gov.  None of these emails belong to parties in this case.[1]

21      On August 31, 2016, Plaintiff filed a motion to recuse the undersigned judge.  ECF No. 61.

22  Plaintiff states that he is prejudiced because the undersigned judge is married to a California

23  Supreme Court justice, the undersigned judge has been nominated to the Ninth Circuit, and

24  Plaintiff is connected with President Barack Obama, U.S. Senator Dick Durbin, and U.S. Senator

25

26  ─────────────────────
    [1] Plaintiff has sent at least seven other improper emails since August 26, 2016.  *See* ECF No. 59;
27  ECF No. 63.

28  Case No. 16-CV-04070-LHK
    ORDER DENYING MOTION TO RECUSE, QUASHING ALL SUBPOENAS, AND DISMISSING CASE WITH
    PREJUDICE

1    Charles Grassley.  *Id.* at 2.

2          Plaintiff's motion to recuse is improper.  First, the Court has denied Plaintiff's application

3    to proceed in forma pauperis.  In order to proceed with this case, Plaintiff was required to pay the

4    $400.00 filing fee.  Plaintiff had not done so at the time Plaintiff filed the motion to recuse.[2]  Thus,

5    as a matter of law, Plaintiff could not have filed the motion to recuse when he did so.  Second,

6    Plaintiff's motion is without merit.  Moreover, no member of the California Supreme Court is a

7    party to this case, nor are President Obama, Senator Durbin, and Senator Grassley parties to this

8    case.  For all of these reasons, Plaintiff's motion to recuse is DENIED.

9    **B. Subpoenas**

10          In the Court's August 26, 2016 Order, the Court quashed all 18 proposed subpoenas that

11   Plaintiff had filed.  As the Court explained, these subpoenas were factually and legally frivolous.

12   The subpoenas refer to the nationwide scheme orchestrated by Emanuel and Upton against

13   Plaintiff.  In a proposed subpoena to Instagram HQ, for instance, Plaintiff stated that "Samantha

14   Hoopes posted photo could be construed as a 'Hate Crime' under California PC 422.55, although

15   super model Samantha Hoopes was probably just an expression of her protected 'free speech'

16   [clause] under the 1st Amendment – See Attachment 1."  ECF No. 55 at 1; *see also id.* at 2

17   (Attachment 1, which reads that "Plaintiff was dating Samantha Hoopes – conspirators Mayor

18   Rahm Emanuel and US Rep Fred Upton et al had Plaintiff locked out of Plaintiff's Instagram

19   account and censored.").  These proposed subpoenas also commanded parties to appear at the

20   Court's courtroom on a particular date and time.  The Court has never granted Plaintiff access to

21   its Courtroom for subpoena-related matters.

22          In spite of the Court's August 26, 2016 Order, Plaintiff has continued to file frivolous

23   subpoenas.  On August 31, 2016, Plaintiff filed a proposed subpoena for an "unidentified Los

24   Angeles Police Dept." officer.  ECF No. 62 at 1.  Plaintiff's proposed subpoena reads: "Did Mayor

25

26   _____

27   [2] Plaintiff filed the motion to recuse on August 31, 2016.  ECF No. 61.  Plaintiff paid the filing fee
     on September 1, 2016.  ECF No. 66.

6

28   Case No. 16-CV-04070-LHK
     ORDER DENYING MOTION TO RECUSE, QUASHING ALL SUBPOENAS, AND DISMISSING CASE WITH
     PREJUDICE

United States District Court
Northern District of California

1    Rahm Emanuel/Rep Fred Upton prompt officer to unlawfully patrol Plaintiff August 22nd, 2106

2    [sic] at or around 5 AM – 5:15 AM Topanga Canyon (27) and Roscoe Blvd?  What was were you

3    doing early in AM?"  *Id.*  This August 31, 2016 subpoena requests that the party appear in this

4    Court's courtroom on October 20, 2016, at 2:00 p.m.  *Id.*

5        On September 1, 2016, Plaintiff filed another proposed subpoena, this time again to

6    Instagram HQ.  ECF No. 65.  This subpoena requests the party to "[s]end requested photo from

7    Samantha Hoopes IG archives."  *Id.* at 1.  The subpoena also refers to the scheme by Emanuel and

8    Upton to deter Plaintiff from pursuing Hoopes.  *Id.* at 2.  The September 1, 2016 subpoena

9    requests that the party appear in this Court's courtroom on October 20, 2016, at 2:00 p.m.  *Id.*

10       Plaintiff's August 31, 2016 and September 1, 2016 subpoenas, just like his previous

11   subpoenas, are frivolous and are therefore QUASHED.  As with the other 18 subpoenas, the Court

12   has never granted Plaintiff access to the Court's courtroom for subpoena-related matters.  The

13   Court also reiterates that all proposed subpoenas in this case are QUASHED and are without legal

14   effect.  *See* ECF Nos. 10, 14, 16, 19, 21, 23, 29, 31, 32, 34, 40, 44, 45, 46, 51, 53, 54, 55, 62, 65.

15   **C. Dismissal with Prejudice**

16       Finally, under Ninth Circuit precedent, "the district court may dismiss an action for failure

17   to comply with any order of the court."  *Ferdik*, 936 F.2d at 1260.  "In determining whether to

18   dismiss a case for failure to comply with a court order, the district court must weigh five factors

19   including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

20   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

21   disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *Id.* at

22   1260–61.  As discussed below, these factors favor dismissal of this action with prejudice.

23   **1. Expeditious Resolution of Litigation**

24       As to the first factor, the expeditious resolution of litigation, Plaintiff has now filed six

25   lawsuits in federal district courts across California.  All of these lawsuits allege a nationwide

26   scheme by Chicago Mayor Rahm Emanuel and U.S. Congressman Fred Upton to prevent Plaintiff

27

28   Case No. 16-CV-04070-LHK
     ORDER DENYING MOTION TO RECUSE, QUASHING ALL SUBPOENAS, AND DISMISSING CASE WITH
     PREJUDICE

7

from pursuing his super model girlfriend, Samantha Hoopes.  Every court to have reviewed these allegations has found them to be meritless.

In the instant case, the Court advised Plaintiff to file an amended complaint curing its factual and legal frivolousness and addressing misjoinder, improper venue, and other issues.  The Court denied Plaintiff's various motions and quashed Plaintiff's proposed subpoenas, finding these motions and subpoenas to be improper and meritless.  The Court also instructed Plaintiff, on four separate occasions, to cease sending the Clerk and the Courtroom Deputy emails in violation of the Civil Local Rules and the Court's standing order.  The Court invited Plaintiff to contact a staff attorney at the Federal Pro Se Program to assist Plaintiff with this litigation.  The Court's actions have all sought to move this litigation forward in a judicious and efficient manner.

Plaintiff, however, has repeatedly failed to comply with the Court's rulings.  Plaintiff has continued to send emails to the Clerk and Courtroom Deputy which violate the Civil Local Rules and the Court's standing order.  Plaintiff has continued to file frivolous subpoenas—on August 31, 2016 and September 1, 2016, to an "unidentified Los Angeles Police Dept." officer and Instagram HQ, respectively.  Both of these subpoenas refer to the nationwide scheme allegedly organized by Emanuel and Upton.  Plaintiff has also filed a meritless motion to recuse the undersigned judge. ECF No. 61.  The foregoing actions, along with the numerous subpoenas and motions that Plaintiff has previously filed, demonstrate that Plaintiff has thwarted the Court's efforts to efficiently adjudicate this case.

### 2.  Docket Management

Second, the Court's need to manage its own docket weighs strongly in favor of dismissal. This is now at least the sixth time that a federal court has dedicated resources to addressing Plaintiff's factually and legally frivolous claims.  As the Ninth Circuit has noted, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).  It is clear that allowing Plaintiff to

8

Case No. 16-CV-04070-LHK
ORDER DENYING MOTION TO RECUSE, QUASHING ALL SUBPOENAS, AND DISMISSING CASE WITH PREJUDICE

1    proceed with this action would only result in additional abuse of the judicial process and take up

2    valuable and scarce judicial resources.

3         Indeed, in the six weeks since Plaintiff filed the complaint in the instant case, Plaintiff has

4    already filed 3 meritless motions and 20 meritless subpoenas.  Plaintiff has already sent numerous

5    emails, postcards, and other correspondence to the Clerk and Courtroom Deputy which violate the

6    Civil Local Rules and the Court's standing order.  The Court has warned Plaintiff on four separate

7    occasions—on August 9, 16, 23, and 26, 2016—of Plaintiff's non-compliance with the Civil Local

8    Rules and the Court's standing order.  The Court expressly warned, on August 26, 2016, that

9    continued non-compliance would result in a dismissal of this action with prejudice.  Nevertheless,

10   Plaintiff has continued to send the Courtroom Deputy improper correspondence, has continued to

11   file meritless subpoenas, and has continued to file meritless motions.  These filings tax the Court's

12   time and divert the Court's attention from other matters.  *Johns v. Town of Los Gatos*, 834 F.

13   Supp. 1230, 1232 (N.D. Cal. 1993) ("[F]rivolous claims by a litigious plaintiff may be extremely

14   costly to defendants and can waste valuable court time.").

15       **3.  Risk of Prejudice to Defendants**

16        Turning to the risk of prejudice to defendants, although Plaintiff paid the filing fee on

17   September 1, 2016, no defendants have been served.  Plaintiff has filed 20 proposed subpoenas.

18   These subpoenas have prompted some third parties to file a response.  *See* ECF No. 62 at 2

19   (response by Los Angeles Police Department); ECF No. 60 at 5 (response by San Jose City

20   Attorney's Office); *id.* at 6 (response by San Diego County Sheriff's Department).  It is

21   burdensome for these parties to take time to respond to Plaintiff's factually and legally frivolous

22   subpoenas.  Accordingly, based on the record in this case, Defendants would likely have to

23   respond to numerous frivolous filings should Plaintiff proceed with this case.  Dismissal saves

24   Defendants from spending time, energy, and resources addressing frivolous matters.

25       **4.  Public Policy Favoring Disposition of Case on the Merits**

26        Fourth, the public policy favoring disposition of this case on the merits points towards

27

28   Case No. 16-CV-04070-LHK
     ORDER DENYING MOTION TO RECUSE, QUASHING ALL SUBPOENAS, AND DISMISSING CASE WITH
     PREJUDICE

United States District Court
Northern District of California

9

1    dismissal.  The Court has urged Plaintiff to correct the deficiencies in his complaint, which

2    include, at the very least: (1) factual and legal frivolousness, (2) misjoinder, (3) and improper

3    venue.  The Court has advised Plaintiff to reach out to the Federal Pro Se Program.  The Court has

4    informed Plaintiff that Plaintiff must comply with the Civil Local Rules and the Court's standing

5    order.  The Court has, in short, encouraged Plaintiff to cure the issues with his complaint, to work

6    within the rules of this District, and to pursue whatever claims he might have on the merits.

7          Plaintiff, however, has ignored the Court's rulings.  Plaintiff has repeatedly violated the

8    Civil Local Rules, has repeatedly filed frivolous subpoenas, and has repeatedly filed frivolous

9    motions.  Nearly all of Plaintiff's filings with the Court and correspondences with the Courtroom

10   Deputy and Clerk's Office involve a nationwide scheme led by Emanuel and Upton to prevent

11   Plaintiff from pursuing his super model girlfriend, Hoopes.  This Court and other courts have

12   found such allegations to lack merit, yet Plaintiff has continued to pursue them without pause.

13         **5. Availability of Less Drastic Measures**

14         Finally, the Court has considered the availability of less drastic measures.  Since this case

15   was opened on July 20, 2016, the Court has issued four orders.  These orders have admonished

16   Plaintiff for violating the Civil Local Rules and the Court's standing order.  The Court's August

17   26, 2016 order stated that Plaintiff's allegations were factually and legally frivolous; that there

18   were a number of deficiencies with Plaintiff's complaint; and that failure to cure these

19   deficiencies, failure to pay the $400.00 filing fee, or failure to adhere to the Civil Local Rules or

20   the Court's standing order would result in a dismissal of this action with prejudice.  In addition,

21   the Court expressly encouraged Plaintiff to reach out to Kevin Knestrick, a staff attorney at the

22   Federal Pro Se Program, to receive legal assistance.  Although Plaintiff has paid the filing fee,

23   Plaintiff has continued to file meritless motions and frivolous subpoenas and has continued to

24   violate the Civil Local Rules and the Court's standing order.

25         In sum, having considered the five factors set forth by the Ninth Circuit in *Ferdik*, the

26   Court finds that dismissal of this action with prejudice is appropriate.  The instant case is thus

27

28   Case No. 16-CV-04070-LHK
     ORDER DENYING MOTION TO RECUSE, QUASHING ALL SUBPOENAS, AND DISMISSING CASE WITH
     PREJUDICE

United States District Court
Northern District of California

10

1  DISMISSED WITH PREJUDICE.

2  **III.    CONCLUSION**

3          For the foregoing reasons, Plaintiff's motion to recuse, ECF No. 61, is DENIED.

4  Plaintiff's 20 proposed subpoenas, ECF Nos. 10, 14, 16, 19, 21, 23, 29, 31, 32, 34, 40, 44, 45, 46,

5  51, 53, 54, 55, 62, 65, are QUASHED.  The instant action is DISMISSED WITH PREJUDICE.

6  The Clerk shall close the file.  The Clerk shall not sign any proposed subpoenas in this closed

7  case.

8  **IT IS SO ORDERED.**

9  Dated:  September 1, 2016.

10

11                                                    _____
                                                      LUCY H. KOH
                                                      United States District Judge

Case No. 16-CV-04070-LHK
ORDER DENYING MOTION TO RECUSE, QUASHING ALL SUBPOENAS, AND DISMISSING CASE WITH
PREJUDICE